39   589
84   254

### J. R. ALLEN v. E. H. ROOT ET AL.

1. An attorney cannot excuse himself from stating as a witness how he obtained possession of a paper which is the basis of his client's suit, upon the ground that he might be violating professional confidence if required to testify.

2. He who purchases with notice of superior prior equities cannot be an innocent purchaser, nor can the fact that he paid the purchase money avail him.

3. A title bond duly recorded is notice to all subsequent purchasers.

4. A party who obtains a deed to land for the purpose of prescribing under it, when he knows at the time of purchase that his vendor had previously parted with the title, is guilty of a fraud which the law will not countenance, and he cannot protect himself under the three years limitation act.

5. Watkins v. Edwards, 23 Texas, 445, approved.

6. See this case for facts held not sufficient to constitute an estoppel.

APPEAL from Navarro. Tried below before the Hon. F. P. Wood.

This was an action of trespass to try title to six hundred and fifty acres of land situated in Navarro county, brought by J. R. Allen against Root and others. The land was patented to Root. The title on which Allen relied was a bond for title given by Root to him before the land was patented, and this bond all the defendants except Root claimed was made in fraud of Root's creditors and purchasers, and that the land having been patented to Root, they bought it from him with the knowledge and consent of Allen. The bond for title from Root to Allen was executed on the seventh of January, A. D. 1858, and on that day recorded in Navarro county.

All the defendants except Root claimed under regular chain of title from James W. Abbey, to whom Root executed a deed for the land on the twenty-third of February, A. D. 1858, which was recorded on the sixteenth of April, 1858. The co-defendants of Root alleged that he in fact, though nominally a defendant, had employed counsel to institute the suit; that Allen really never had any interest in the land; that he never paid any consideration to Root for it; that Root was insolvent, and used Allen to cover his property from his creditors; that Allen was present, aiding in the execution of the deed of conveyance from Root to Abbey, which was written by him, and that he then asserted no claim to the land; and this was plead as an estoppel. They also plead the statutes of three and five years limitation.

On the trial, William Croft, Esq., the attorney for Allen, was placed on the stand and asked by opposing counsel how he came in possession of the bond from Root to Allen. This question Croft objected to answering, on the ground that he might be violating professional confidence if compelled to testify. The action of the court in overruling Croft's objection was excepted to and assigned for error.

Croft testified that the suit was brought by Wheeler without the bond, but upon inspection of its record ; that he knew from letters to Wheeler from Allen that the bond was in Ohio in possession of Allen ; that Wheeler wrote to Allen for the bond ; that afterwards witness received the bond in an envelope from Root, with a statement from Root that he had received it from Allen by mail.

Root on the trial testified that he had signed and delivered the deed to J. W. Abbey, upon Abbey insisting that he should do so, though not until after he had told Abbey that he had no title, but had previously sold it to Allen, and that the deed was of record ; that Abbey paid nothing for the land, either to Root or Allen ; that Allen, whose name appears as a witness to the deed to Abbey, told Abbey at the time of its execution that he (Allen) was the owner of the land, and that Root had no title to it; that Allen instructed Root never to deliver the deed to Abbey until he paid for it, but that he did deliver it notwithstanding without being paid for the land, and without Allen's knowledge or consent; that Allen took the bond to Ohio with him, and sent it to Root by mail, who gave it to Allen's counsel.

It was in evidence that Abbey was in possession of the land at the date of his deed from Root, and that he and his co-defendants had been in actual continuous adverse possession, cultivating, using and enjoying the same, and paying taxes thereon, from the date of the deed from Root, and claiming the land under that deed.

The defendants proved also that Root acted as the agent of Allen, and rendered his property for taxation in 1858, 1859 and 1860, but did not give in the land sued for ; that Allen, after the execution of the deed from Root to Abbey, remained in the same neighborhood until 1860, and was never heard to claim or set up any title to the land sued for.

The following instructions were asked by Allen and refused, and the action of the court excepted to and assigned for error:

"2. If a person purchases land with knowledge of a prior contract to convey, then he is affected by all the equities which affected the land in the hands of the vendor.

"3. If a person has in writing contracted to sell land, and afterwards refuses to perform his contract, or sells the land to a purchaser with notice of the contract, the latter will be compelled to perform the contract of his vendor, for he stands upon the same equity, and although he is not personally liable on the contract, yet he will be decreed to convey the land in the same manner as his vendor. In other words, he is treated as the trustee for the first vendee."

Verdict and judgment for the defendants, from which Allen appealed.

*William Croft*, for appellant.—The first assignment of error is well taken, viz., the action of the court in compelling Wm. Croft, attorney for plaintiff, to give in his testimony as shown in bill of exceptions; and the same is respectfully submitted to the court without argument. (1 Greenleaf on Ev., Sec. 237; Greenough v. Gaskill, My. & K., 102, 103.)

The court below erred, as set out in third assignment of errors, in refusing to give the charges one, two and three, as asked by plaintiff. (Pas. Dig., Art. 4989; Miller v. Alexander, 8 Texas, 36; Watkins v. Edwards, 23 Texas, 443; Beaty v. Whitaker, 23 Texas, 526 ; 2 Story's Eq. J., Secs. 784, 788; Scarborough v. Arrant, 25 Texas, 130.)

The charge as to three years limitation under a subsequent conveyance was in violation of the following authorities:

"Where a party purchased knowing that his grantor had previovsly sold the land to another, it is such a fraud as to destroy the conveyance as a muniment of title under the 15th Section of the act of limitation." (Eliot v. Whitaker, 30 Texas, 412; Pas. Dig., Art. 4622, and Note 1031.)

*Moore & Shelley*, for appellees.—As the verdict was for the defendants, if the case was properly submitted to the jury there can be no question as to the correctness of the judgment. The fact that Allen wrote and witnessed the deed to the defendants, and that he lived in the immediate neighborhood of the land some two years after its execution, and knew the defendants were holding possession, is alone sufficient to outweigh the improbable statements of Root, to whom the jury evidently gave no credit.

The court did not err in overruling the objection to the testimony of Croft, the plaintiff's attorney. The fact to which he deposed had no reference to anything which he had learned in professional confidence from the plaintiff. His testimony went to a matter between him and Root, and, therefore, it was in no sense a privileged communication. (See Greenleaf on Ev., Secs. 241, 244 (Note 1), and 245; communication between a solicitor and one of his client's witnesses as to the evidence to be given by him not privileged, McKenzie v. Yor, 2 Curt., 866.) But if not admissible, it is much too trivial and unimportant to require a reversal of the judgment.

There is no error of which the plaintiff can complain in the charge given by the court or in refusing those asked by the plaintiff.

The objections of plaintiff to the action of the court in giving and refusing instructions may be summed up in this general objection, that the court did not adopt the plaintiff's theory of defendants' case. He seems to sup-

38

pose that they are claiming to occupy the position of innocent purchasers for a valuable consideration without notice of plaintiff's title. And no doubt the defendants, who purchased from Abbey, were entitled to a verdict upon that ground. But, unquestionably, Abbey, as well as those to whom he conveyed, was entitled under the verdict of the jury to a judgment upon the ground of estoppel, as well as fraud in the conveyance from Root to the plaintiff. And certainly the plaintiff cannot complain that all defendants' grounds of defense were not submitted by the charge to the jury. We also insist that the case of Watkins v. Edwards, 23 Texas, 443, and the other authorities cited, have no application to this case. It is true, that one who claims to be an innocent purchaser as against the senior legal title must prove the payment of value independently of the recitals of his deed. But when, as here, the plaintiff is seeking to enforce an equity against the legal title, the burthen is upon him, not only to establish his equity, but to raise the presumption that defendants are not *bona fide* purchasers.

The testimony fully warranted and authorized the charge of the court as to the three years limitation; and if the law, as we hold, is with the defendants upon this point, the facts to support it having been found by the jury—there being indeed no controversy as to them, as will be seen by an inspection of the record—if there was error as to all the other questions discussed by the plaintiff, the judgment should nevertheless be affirmed. (Pearson v. Burditt, 26 Texas, 171, 172.)

But we are told that this court has decided in the case of Eliot v. Whitaker, 30 Texas, 412, if a subsequent purchaser has notice of the elder deed when he gets his deed, he is not entitled to the protection of the statute of limitations by reason of possession for three years under such deed. With due deference and under leave of the court,

we respectfully submit that the decision of the court in this case is erroneous, and should be reversed. By a reference to the opinion it will be seen that no authorities, either from the decisions of this court or elsewhere, are cited in support of the ruling of the court on the question. And the ground upon which the conclusion of the court is founded is, that to purchase with knowledge of the prior conveyance is such a fraud as prevents the deed from operating as either title or color of title as described in the statute. In other words, it is held that such deed is wanting in "intrinsic fairness and honesty," and is not such a link in the chain of title as will support the plea of limitations under the section of the statute here in question. But we beg to say that the action is barred whether possession is held under "title" or "color of title," and that what is meant by "title," as well as "color of title," is defined in the statute. By the first "is meant a regular chain of transfer from or under the sovereignty of the soil," while the second "is constituted by a consecutive chain of such transfer down to him, her or them in possession, without being regular, as if one or more of the memorials or muniments be not registered, or not duly registered, or be only in writing, or such like defect as may not extend to or include the want of intrinsic fairness and honesty."

Obviously, therefore, there is no such qualification as the court applied in the case of Eliot v. Whitaker, where the defendant prescribes under a regular chain of title from and under the sovereignty of the soil; but when he relies upon color of title by reason of some link in his chain not being regular, then such irregularity must not involve the want of "intrinsic fairness and honesty." The terms "intrinsic fairness and honesty," say this court, embraced in the definition of color of title in our statute, relate to the means of proving the right of property in the

land so as to make the title equitably equal to the regular chain of title." (Pearson v. Burditt, 26 Texas, 172.)

It may also be said, perhaps that where a vendor has already conveyed the land he has no title upon which the deed to the subsequent vendee can operate, and that it is consequently null and void, and cannot make a link in a chain of title. To this we might content ourselves for the present case by the reply, that the plaintiff held merely a bond for title when Root should get a patent, and that it was the title which he conveyed to Abbey. But aside from this, we insist that for this defense it is only required that the title relied upon shall be "valid in itself when tested by itself, and not when tried by the title of others; it must have intrinsic validity as between the parties to it, though it may be relatively void as respects the rights of third parties." (Smith v. Power, 23 Texas, 33.)

Nor do the previous decisions of this court give any support to the construction of the statute that only possessors in good faith are entitled to its protection. Thus in the case of Pearson v. Burditt, previously cited, the court say: "The leading object and effect of the statutes of limitation is to make three years adverse possession of land mature the inferior title in the hands of the possessor into the superior title."

Again : "We think it is a good defense, notwithstanding the jury might have believed that the fraud in Burditt's deed was sufficiently proved." The same views had been expressed by the court with more elaboration and equal clearness in the earlier case of Charle v. Saffold, 13 Texas, 112–3.

And since, as was said by the Supreme Court of the United States in Christy v. Alford, 17 Howard, 601, our three years statute of limitations is in analogy to the statute of 21 James I., Ch. 16, for limiting actions, and as it is consequently the same in principle as the acts of lim-

itations in most of the States in respect to actions for the recovery of lands, there certainly is no good reason why the same construction should not be given to our statute in this particular as has been placed upon theirs by the courts of our sister States. If so, we think there is not the shadow of a doubt that the decision of the court in the case of Eliot v. Whitaker should be reversed.

From the great number of cases which we might cite, we refer the court to the following, to-wit: Porter v. Cocke, Peck, top p. 30; Cocke v. McGinnis, Mart. & Yerg., 361; Reeves v. Dougherty, 7 Yerg., 233; Armstrong v. Campbell, 3 Yerg., 201; Gray v. Dunlap's Lessee, Mart. & Yerg., 416; English v. Register, 7 Ga., 387; Cholmundley v. Clinton, 2 Jac. & Walk., 155; Clark v. Courtney, 5 Pet., 318; Pillow v. Roberts, 13 How., 472. And especially because quoted and approved by our own court on several occasions, we refer the court to the case of Humbert v. Trinity·Church, 24 Wend., 602.

WALKER, J.—This is an action of trespass to try title to 640 acres of land, situated in Navarro county.

The first assignment of error would be well taken if it were shown that the evidence of Croft, the attorney, related to a privileged communication. It is not merely the privilege of the attorney to withhold such communication, but, though he may be willing to give it in evidence, it is the right of the client to object for his own protection. But we do not think the testimony in this case comes within the rule.

The third assignment of error, is well taken. Subsequent purchasers who claim as innocent purchasers must prove the payment of the purchase money; but he who purchases with a notice of prior equities cannot claim to be an innocent purchaser, and proof of the payment of the purchase money will not help out such

a title. A title bond duly recorded is notice to all subsequent purchasers. One who purchases land with notice of an outstanding equitable title is subject to have the legal title decreed against him. He takes the legal title as a trustee for the holder of the equitable title.

The court should have given charges Nos. 2 and 3, as asked by plaintiff's counsel, and it was error to refuse them. They appear to have been rejected by the court on the ground that they were not applicable to the case.

We can scarcely conceive a case where these principles of law would be more directly applicable than in this case, where the suit is by a first purchaser against those claiming under a second purchaser.

On page 76 of the Record there is an agreement by counsel that there is a regular chain of title from the government to E. H. Root; and it is further agreed that the defendants hold under regular deeds from J. W. Abbey, to whom Root sold the land, after he had made bond for title to J. R. Allen, the plaintiff.

But it is strongly urged that Allen is estopped from denying Abbey's title, from the fact that the deed from Root to Abbey is in his handwriting, and is also witnessed by him.

These facts unexplained would certainly go far to operate an estoppel; but Root in his evidence testifies that he purchased the land from Oliver and Tynes with means belonging to Allen ; that he took the conveyance in his own name, supposing Allen would allow him to hold the land, but that Allen required him to give him a title bond.

In addition to the fact that the bond was recorded, Root swears that he told Abbey that he had no title for the land, that he had sold it to Allen, and that Allen's deed was on record at the time he delivered the deed. He also swears that Abbey never paid him anything for the land.

But the most material part of Root's evidence is, that

Allen told him not to deliver the deed to Abbey until he was paid for it, and that he delivered the deed to Abbey on his promise that he would make it all right, without Allen's knowledge and against his protestations; and he explains this by saying that Abbey was an old confidential friend or he would not have done so.

Those who purchased from Abbey are alike with him affected by record notice of Allen's equitable title.

But the three years statute of limitation is invoked in this case, and we are asked to overrule the case of Eliot v. Whitaker, 30 Texas, 412, which decides "that where a party purchased knowing that his grantor had previously sold the land, it is such a fraud as to destroy the conveyance as a muniment of title, under the 15th Section of the act of limitation."

We think, however, that this case must receive the approbation of this court under Article 4622 and the authorities cited in the note 1031.

A party who buys a title that he knows his grantor has previously parted with, for the purpose of prescribing under the three years limitation act, is guilty of such a fraud as the Legislature never intended to protect.

We do not hesitate in applying the doctrine of Watkins v. Edwards, 23 Texas, 445, and authorities there cited, to this case.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.