## S. W. AND M. A. SAUNDERS v. MADISON SILVEY.

(Case No. 890.)

1. STATUTE OF THREE YEARS' LIMITATION.— One in possession under a deed conveying a designated portion of a survey by specific metes and bounds cannot invoke for his protection the three years' statute of limitations, against the owner of an undivided interest in the same survey, under an older deed from the common vendor; the second purchaser having notice of the former deed.

APPEAL from Milam.    Tried below before the Hon. A. S. Broaddus.

Suit begun on the 29th of December, 1873, by appellants against appellee, Silvey, to partition a tract of land.

On the 11th of January, 1875, by an amended petition, the suit was changed from a suit for partition to trespass to try title.

The material facts in the case were, that on the 9th day of March, 1868, Thomas White and wife, being in possession of and having legal title to the S. Y. Reams survey of nine hundred and sixty acres, less three hundred and twenty acres previously sold, deeded W. O. Cone four hundred and forty acres out of that survey, " to be taken so as to leave Thomas and Susan White their improvements."

After the deed to Cone, White had the survey run out by metes and bounds, and found an excess of ninety acres. He then surveyed two hundred and ninety acres, including his improvements, and on the 10th day of January, 1870, conveyed by metes and bounds to appellee, Silvey, the two hundred and ninety acres of land, who entered upon the same under that deed.

On the 20th day of December, 1870, W. O. Cone deeded four hundred and forty acres to M. A. Saunders, one of the appellants, "to be taken so as to leave Thomas and Susan White their improvements."

It was admitted that both parties derived title from the government through a common source, and that Silvey was in adverse possession of the land claimed by him,

holding adversely to all the world, and had been, since the 10th day of January, 1870, cultivating, using and paying taxes on the same.

Defendant pleaded the three and five years' statutes of limitation. The court charged, among other things, to find for defendant, if they found he "held under regular chain of title of transfer from the state of Texas, peaceable, continuous, exclusive and adverse possession of the land in controversy for a period of more than three years next before the beginning of the suit."

Verdict and judgment for defendant.

*W. H. Hamman* and *N. P. Garrett*, for appellants.

*C. R. Smith*, for appellee.

BONNER, ASSOCIATE JUSTICE.— The legal effect of the deeds under which both the appellants and the appellee claim, is to make them joint owners according to their respective interests, of so much of the land in controversy as was owned by White and wife at the date of their deed to Cone, which was not embraced in their improvements.

The title of appellants to an undivided interest of four hundred and forty acres, being restricted only so far that it should not embrace their improvements, if it be conceded that they did not, under the contract, have the right of selection, they at least had the right to a fair and equitable partition of all the remainder.

To defeat this right, appellee, with notice of the prior deed to Cone, and claiming under subsequent deed from the common vendors, White and wife, to two hundred and ninety acres, and which conveyed more land than was embraced in the improvements, pleads the statute of limitations of three years.

Under well established rules of law, the deed from White and wife to Silvey, with defined metes and bounds,

so far as it attempted to convey the lands outside the improvements, and to which Saunders, as joint owner, had an undivided interest of four hundred and forty acres, could not, of itself, affect the right of Saunders, however much it may have bound White and wife by estoppel. McKey *v.* Welch, 22 Tex., 346; Dorn *v.* Dunham, 24 Tex., 376; Good *v.* Coombs, 28 Tex., 51; March *v.* Huyler, 50 Tex., 251.

Whatever might be its legal effect, accompanied with the proper requisites to sustain the statute of limitations of five years, it was insufficient to sustain that of three years.

White and wife having previously parted with the title to an undivided interest to the land outside the improvements, could not pass, as against appellants, to a subsequent purchaser with notice, a valid title to any defined portion of this same land.

An attempt to do this could not convey such title or color of title as defined to be a requisite to sustain our statute of limitations of three years; that is, a regular chain of transfer from or under the sovereignty of the soil, or color of title, by such consecutive chain of transfer, but not so defective as to include the want of intrinsic fairness and honesty. Pasch. Dig., art. 4625; R. S., art. 3192.

The undivided interest conveyed by White and wife to Cone, and now owned by appellants, would be wholly without the chain of title from the same source, from and under the sovereignty of the soil, under which Silvey claims his three years' limitation, and would not support it. Thompson *v.* Cragg, 24 Tex., 582; Veremendi *v.* Hutchins, 48 Tex., 551; Allen *v.* Root, 39 Tex., 589; League *v.* Atchison, 6 Wall., 112.

We think there was error in so much of the charge in which the jury were instructed that they could find for appellee under the statute of limitations of three years, for which the judgment must be reversed.

Being joint owners of so much of the land as was not embraced in the improvements, appellants could not sue until partition for the exclusive possession of any particular portion, but could sue to be admitted into joint possession, if appellee held exclusive adve se possession of any part not embraced within the improvements.

This, previously to partition, could be done by a suit simply of trespass to try title, or what would be the better practice under our blended system, by such action combined with suit for partition also.

It seems to be conceded that Cone had the right, under the terms of his deed, to select the four hundred and forty acres.

If Cone, or appellants who claim under him, did not take proceedings within a reasonable time to make this selection, then any additional improvements made by White or his vendee, the appellant, in good faith, and so connected with those already made as not materially to interfere with the interest of four hundred and forty acres previously conveyed, should be respected on a final partition of the land.

REVERSED AND REMANDED.

[Opinion delivered December 7, 1880.]