C. Adelbert Becker et al., Appellants, *v.* Maggie McCrea, Appellant, and Annie B. Eddy et al., Respondents.

　　1. Mortgagee in Possession — What Constitutes. A mortgagee holds simply a chose in action secured by a lien upon the land. He cannot become a mortgagee in possession unless the entry is with either the implied or express consent of the owner of the equity; such entry is not in hostility to the legal title and hence not adverse.

　　2. Right of Owner of Equity against Mortgagee in Possession. The owner of the equity cannot maintain ejectment against a mortgagee in possession but must resort to an action in equity to redeem.

　　3. Statute of Limitations in Action to Redeem — Code Civ. Pro. § 379. Possession for twenty years by mortgagee does not bar right to redeem. Such possession must have been "adverse" in the ordinary sense in which that term is used in the Code in order to limit the time in which to bring such an action.

　　*Becker* v. *McCrea*, 119 App. Div. 56, reversed.

　　(Argued October 16, 1908; decided November 17, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 19, 1907, which affirmed a judgment in favor of the respondents herein entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Brainard Tolles* and *Charles Francis Stone* for appellants. The learned trial judge erred in holding that the right of redemption of the plaintiffs and of the defendant McCrea was cut off by section 379 of the Code of Civil Procedure. (*Winslow* v. *Clark,* 47 N. Y. 261; *Warder* v. *Enslen,* 73 Cal. 291; *Miner* v. *Beekman,* 50 N. Y. 337; *Kip* v. *Hirsh,* 21 J. & S. 1; *Maurhoffer* v. *Mittnacht,* 12 Misc. Rep. 585; *Hubbell* v. *Sibley,* 50 N. Y. 268; *Green* v. *Turner,* 38 Iowa, 112; *Hunter* v. *Coffman,* 86 Pac. Rep. 457; *Catlin* v. *Murray,* 79 Pac. Rep. 605; *McPherson* v. *Hayward,* 81 Me. 329.)

*J. Addison Young* and *C. H. Young* for respondents. The possession of Jane B. Eddy and her devisees under the mortgage was adverse within the meaning of section 379 of the Code of Civil Procedure, and having continued for more than twenty years the right to redeem from the mortgage was barred, and the title vested in the respondents. (*Miner* v. *Beekman,* 50 N. Y. 337; *Hubbell* v. *Sibley,* 50 N. Y. 468; *Kip* v. *Hirsh,* 21 J. & S. 1; *Maurhoffer* v. *Mittnacht,* 12 Misc. Rep. 585; *Treadwell* v. *Clark,* 190 N. Y. 51.)

CULLEN, Ch. J. This action was brought for the partition of certain lands in Westchester county, claimed to be owned by the plaintiffs and certain of the defendants as tenants in common. The premises were not in the actual possession of these parties, but were held and occupied by the respondents, the defendants Anne B. Eddy, and others. It appears that on May 1st, 1877, Jane B. Eddy conveyed to Bernard Spaulding the premises in question. From him the appellants deduce their title. It further appears that contempo-

raneous with the conveyance to Spaulding he executed a mortgage of the same premises to said Jane B. Eddy to secure a portion of the purchase money. On July 25th, 1878, default having been made in the payment of that mortgage, said Eddy instituted an action in the Supreme Court for the foreclosure of the same, in which action a judgment of foreclosure and sale was entered on April 22d, 1878. No sale was ever had under this judgment, but some time in the year 1879 said Jane B. Eddy entered into possession of the mortgaged premises and held the same until her death (subsequent to the commencement of this action) in February, 1905, when her title devolved upon the respondents, the executors and trustees of her will. Mrs. Eddy was made a party to the action.

The complaint set forth the mortgage, the ignorance of the plaintiffs as to its validity, and charged that the same had been paid or was barred by the Statute of Limitations. Judgment was demanded that the rights and claims of all the parties to the action be ascertained and determined, that partition of the premises be made, or that a sale of the same be had. The respondents, Mrs. Eddy's executors and trustees (she having in the meantime died), answered, claiming to own the premises in fee and setting up adverse possession in themselves and in their testatrix for more than 20 years. The Special Term rendered judgment in favor of these last-named defendants, holding that the rights of the plaintiffs and the other defendants were barred by lapse of time. That judgment has been affirmed by the Appellate Division.

The whole controversy depends upon the character of the possession taken and held by Mrs. Eddy and on the interpretation to be given to section 379 of the Code of Civil Procedure. The learned trial court found that no part of the mortgage had been paid, and as to the entry and possession of Mrs. Eddy its findings are as follows: "In the year 1879 the said Jane B. Eddy, with the knowledge and consent of the said Bernard Spaulding and the defendant Maggie McCrea, entered into the open, actual and visible possession and use of the said premises described in the complaint in this action

and became a mortgagee in possession of said premises."
" That the said Jane B. Eddy continued in such possession
and use of said premises up to the time of the commencement
of that action, a period of 25 years and upwards, and until
the time of her death, as hereinafter found, and continuously
cultivated and improved the same, ploughing and planting
and raising crops thereon, cutting the meadow, using the
timber, building roads and walls thereon, and also built a barn
upon the same and received the fruits and benefits of said
premises and possessed and improved the same as owners are
accustomed to possess and improve their estates, and that such
possession and use and said acts of ownership by the said Jane
B. Eddy were continued during all said period with the
knowledge and acquiescence of the defendant McCrea, and
no claim adverse to such use and occupancy was ever made
by said defendant McCrea until the spring of 1904, nor did
she at any time from 1879 to 1904 pay any taxes or assess-
ment on said property or use or occupy the same."

On these findings it determined as conclusions of law :.
" I. That the said Jane B. Eddy in the year 1879 became and
was a mortgagee in possession of said premises. II. That the
possession of said premises by said Jane B. Eddy was for
more than 20 years prior to the commencement of this action
exclusive, hostile and adverse to the defendant McCrea.
III. That by reason of such adverse possession by said Jane
B. Eddy the right of plaintiffs and said defendant McCrea to
redeem from said mortgage is barred."

The findings of fact are conclusive in this court, the affirm-
ance of the Appellate Division having been unanimous, but
the question remains whether those findings support the legal
conclusions and the judgment founded thereon. That the
possession of Mrs. Eddy was not adverse in the ordinary sense
of the term is quite apparent, for she entered with the con-
sent of the owner of the equity and, as found, became a mort-
gagee in possession of the premises. Under our statutes, con-
trary to the common law, a mortgage creates no estate in the
land, but is merely a lien on the mortgaged premises. Since

his right to recover the premises in ejectment upon default has been abrogated by the statute, one cannot become a mortgagee in possession unless his entry is with the consent of the owner of the equity of redemption, express or implied. (*Howell* v. *Leavitt*, 95 N. Y. 617; *Barson* v. *Mulligan*, 191 id. 306.) Therefore, when a mortgagee enters into possession with such consent, it is in no sense in hostility to the title of the mortgagor. In *Packer* v. *Rochester & S. R. R. Co.* (17 N. Y. 283) it is said by Judge PRATT: " * * * the mortgagee holds simply a chose in action, secured by a lien upon the land. Since the Revised Statutes, there is not an attribute left in the mortgagee, before foreclosure, upon which he can make any pretense for a claim of title. For the mere right, where he goes into possession by the consent of the mortgagor, to retain possession, is not an attribute of title." In *Trimm* v. *Marsh* (54 N. Y. 599) it was held that the legal title to the mortgaged premises remains in the mortgagor, and that title is not affected by default in payment or by surrender of possession to, or the taking of possession by the mortgagee. In that case Judge EARL said: " How can the mere possession change the title from the mortgagor to the mortgagee, or in any way diminish the estate of the one or enlarge the estate of the other? Before taking possession the mortgagee had a mere lien upon the real estate pledged for the security of his debt. After possession he has in his possession the property pledged as his security, the title remaining as it was before. The mortgagor's title is still a legal one, with all the incidents of a legal title subject to the pledge, and the mortgagee's interest is still a mere debt secured by the pledge. If the mortgagee should die in possession, the debt would still go to his personal representatives to be administered as personal estate, and the mortgagor's title would go to his heirs." In the same case Judge REYNOLDS said: " In such case the creditor, instead of leaving his debtor in possession and relying upon his intangible legal lien for his security, takes the thing pledged in his own possession and enjoys its use until his debt is paid. He must account for profits and waste to his debtor,

and when his debt is paid by the receipts of rents and profits, or in any other manner, his lien is extinguished and his possession is no longer justified by law."

Though, as we have seen, the surrender of possession by the mortgagor to the mortgagee confers no title upon the latter, still it is settled law that in such case ejectment cannot be maintained by the mortgagor against the mortgagee, but he must resort to an action in equity to redeem (*Phyfe* v. *Riley*, 15 Wend. 248; *Chase* v. *Peck*, 21 N. Y. 581), and the only question remaining is whether the plaintiffs and their co-owners have lost their right to that relief by the lapse of time. Before the enactment of the present Code there was no provision of law specially prescribing the time in which such actions must be instituted, but it was held that they fell within section 97 of the old Code which prescribed that actions for relief not otherwise specially provided for must be brought within 10 years. (*Miner* v. *Beekman*, 50 N. Y. 337; *Hubbell* v. *Sibley*, Id. 468.) In the former case it was held that the cause of action did not accrue at least until the mortgagee entered into possession. That was all that was necessary to decide in that case. The learned judge who wrote for the court, however, said further: "The statute, I think, would not then commence running had the defendants or their grantor entered and continued in possession, avowedly as mortgagees, and would not run while they so held, for the reason that it is a continuing right of the owner to pay off and discharge a mortgage, and, by so doing, regain the possession of the land." This was the state of judicial authority when the present Code prepared by Mr. Throop was enacted. The section before us, as already said, is new. In his note to the section Mr. Throop says: "One of the questions which has given rise to much conflict of opinion is that relating to the application of the statute of limitations to such a case" (to redeem). He refers to the *Miner* and *Hubbell* cases, and suggests that in analogy to other actions for the recovery of real estate the period prescribed should be 20 years instead of 10. In the section as drawn by

him and enacted by the legislature we find the words " unless he or they (mortgagee in possession and those claiming under him) have continuously maintained an *adverse* possession of the mortgaged premises for twenty years after a breach of a condition of the mortgage." The use of the word " adverse " in the light of the previous intimation by this court in the *Miner* case seems to indicate very clearly that it was the intention of the legislature to incorporate that intimation or dictum into the statute law. It is admitted by the learned judge who wrote for the Appellate Division that the possession of the respondents was not adverse, but he thought that the word " adverse " was not to be construed in the same sense as that in which it is used in the sections of the Code relative to the time for the bringing of other actions in regard to real property. He was led to this conclusion by the consideration that if the term " adverse " was to be given its ordinary meaning, there would be practically no limitation of time on the institution of actions to redeem, for, as he argues, if the mortgagee enters without the consent of the mortgagor he is a mere trespasser, his possession is unlawful, and he can be ousted in ejectment and the action to redeem is unnecessary, or if he enters with the consent of the mortgagor he becomes a mortgagee in possession and the statute never commences to run. I think the learned judge is somewhat in error in thinking that under the ordinary definition of the word " adverse " there can be no case to which the section applies. The mortgagee might enter with the consent of the mortgagor and thus become a mortgagee in possession. He might thereafter assume to convey the land as the absolute owner thereof. In that situation the possession of the grantee of the mortgagee would be plainly adverse, or there might be such a repudiation by the mortgagee of his relation as such to the mortgagor as would set the statute running. The section would also apply to the cases of all lienors and incumbrancers. But whatever force there may be in the argument of the learned court, it cannot justify the unqualified elimination of the word " adverse " from

the statute; yet this is precisely what the decision below has done. No suggestion of a possible interpretation of the word "adverse" is attempted; it is simply ignored. If the legislature intended that 20 years' possession as mortgagee merely should bar an action to redeem, it is difficult, if not impossible, to see why it required that such possession should be adverse. It may be unfortunate that so long a period should be permitted during which the title to land can be unsettled, but the remedy is with the legislature. The courts are not justified in disregarding its express enactment.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the final award of costs.

GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed, etc.