WEST, Respondent, v. MIDDLESEX BANKING COMPANY et al., Appellants.

(146 N. W. 598.)

1.  **Appeal—Pleading—Unnecessary Reply—Issue—Harmless Error.**
    Defendants cannot complain, on appeal; because a reply was made when not required, if it would have been proper had plaintiff been required by defendants to reply, or if it raised no issue that could not have been submitted under the complaint and answer.

2. **Quieting Title—Redemption From Defendant's Lien—Allegations in Complaint—Nature of Action—Statutory Suit—Ejectment—Reply.**

   Where a complaint, in an action under Laws 1905, Ch. 81, alleged ownership and right of possession in plaintiff, that defendants claimed an interest in, or lien upon, the premises adverse to plaintiff, which claims were unfounded, the relief prayed for being that defendants state their claims, and that they be determined, and defendants be adjudged to have no interest, etc., and enjoined from asserting any claim, and that plaintiff recover judgment for use of premises, and for such other relief as was equitable, **held**, that the complaint did not allege an action in the nature of ejectment, so as to make applicable the rule that ejectment can be brought against a morgagee in possession; that the relief prayed for was wholly equitable; and therefore plaintiff's reply, offering to pay off defendant's lien, while not enlarging upon nor changing the nature of the action set forth in the complaint, did not, on the other hand, give the suit the character of an action in ejectment; although, under said chapter, an issue as to right of possession may be raised and a judgment giving possession as matter of legal, as distinguished from equitable right, may be demanded.

3. **Pleading—Quieting Title—Reply Offering Redemption—Departure.**

   In view of Code Civ. Proc., Sec. 311, providing in effect that the relief granted plaintiff, where issue is joined, may be such as is consistent with the case made by the complaint, and embraced within the issue, **held**, that, where in an action under Laws 1905, Ch. 81, to quiet title against adverse claims, the complaint prayed that defendant be adjudged to have no interest in the premises, and the answer prayed for decree of ownership in defendant, but, if plaintiff were held entitled to recover, that she be required to pay the value of improvements and taxes, etc., a reply offering to pay sums found due to defendants, etc., was not objectionable as changing the nature of the action alleged in the complaint.

4. **Title—Adverse Possession—Color of Title—Good Faith—Knowledge of Worthlessness of Title.**

   Color of title, in order to constitute a basis of claim of title under statutory ten-year payment of taxes, must be accompanied by good faith in its holder, as to the claim; and color of title cannot be relied on to claim land by adverse possession, if claimant knows that the color of title is worthless.

5. **Same—Color of Title—Sheriff's Certificate of Foreclosure Sale.**

   Since a sheriff's certificate of mortgage foreclosure sale merely declares that a sale has been made, and that the property is subject to redemption within a year, it does not, even

if valid, constitute color of title, as the basis of a claim of ownership under statute of limitations.

**6.   Adverse Possession—Color of Title—Purport of Deed.**

A deed, to constitute color of title, must apparently transfer title to the grantee.

**7.   Same—Date of Claim—Foreclosure Deed as Related to Sale Certificate.**

The color of title upon which claim of title by possession and payment of taxes can be based, must exist at time of such possession and payment of taxes, and, **held**, that a mortgage foreclosure deed, even if sufficient as color of title, did not, when issued, relate back to date of certificate of sale, so as to make the certificate color of title from its date.

**8.   Mortgage—Mortgagee in Possession—Remedy of Mortgagor—Redemption.**

The sole remedy of a mortgagor or his successor in interest in the mortgaged premises, against a mortgagee who is in possession under the express or implied consent of mortgagor, is by redemption from the mortgage.

**9.   Limitation of Actions—Right of Action—Adverse Possession, Necessity of.**

Possession of land under color of title, in order to bar the right of mortgagor or his successor in interest, to redeem from the mortgage lien, must be adverse.

**10.   Limitation of Actions—Action to Redeem—Possession of Mortgagee—Knowledge of Mortgagor—Running of Statute.**

Where a mortgagee enters into possession of the mortgaged premisees, claiming possession adversely to mortgagor, and notice of such adverse claim is brought home to mortgagor or his successor in interest, the statute of limitations against an action to redeem is set in motion.

**11.   Same—Actions—Action to Redeem—Statute Applicable.**

The ten-year statute of limitations, for certain relief (Sec. 66, Code Civ. Proc.,) applies to an action to redeem from a mortgage lien.

**12.   Mortgage—Nature of—Mortgagor's Right to Possession—Mortgagee's Legal Rights—Statute.**

A realty mortgage is, under the statue, a mere security contract, incident to the debt; and the mortgagor, both before and after default, is entitled to possession of the premises. **Held**, further, that the only legal right of mortgagee, is to foreclose the equity of redemption, and obtain a decree of sale in satisfaction of his debt; but by statute (Civ. Code, Sec. 2054), the mortgagor may, by the mortgage itself, or by subsequent agreement, grant possession to mortgagee.

13. **Mortgage—Adverse Possession by Mortgagee—"Mortgagee in Possession"—Consent of Mortgagor—Equities of Parties—Possession Under Void Foreclosure—Statute of Limitations.**

A mortgagee in possession of mortgaged premises under a provision in the mortgage, or under express or implied permission of mortgagor, is in the true sense a "mortgagee in possession"; and such possession cannot be adverse, and can only be made such by some act of mortgagee inconsistent with the rights of mortgagor; and, unless by consent of mortgagor or his successor in interest, neither mortgagee nor the purchaser at foreclosure sale is entitled to possession, until deed is taken under foreclosure, and one so entering has not the rights of a "mortgagee in possession," and is in no wise treated as one, either at law or in equity; and this is true of one entering under a void foreclosure, but before deed taken, and such "mortgagee in possession" can claim no rights flowing from a statute of limitations based upon adverse possession.

14. **Limitation of Actions—Mortgagee in Possession—Payment of Taxes—Cultivation—Effect.**

Payment of taxes and cultivation of land by mortgagee in possession, prior to taking out foreclosure deed, would not set statute of limitations running against mortgagor.

15. **Mortgage—Possession of Mortgagee—Equity Under Fiction, to "Mortgagee in Possession"—Color of Title Under Invalid Foreclosure—Good Faith.**

Equity indulges in the fiction whereby it gives one, not otherwise entitled thereto, the protection given a "mortgagee in possession," either when a party, relying upon an apparent color of title, based upon a foreclosure, has entered with or without consent of owner of equity of redemption, or where one, having entered without apparent color of title, acquired color based upon an invalid foreclosure, and continues in possession relying upon such color of title; and in either case, he must hold possession in good faith, believing his title to be good; and the color of title must rest upon a foreclosure.

16. **Mortgage—"Adverse Possession"—Subsequent Acquisition of "Color of Title"—Necessity of Notice to Mortgagor—Original Adverse Possession.**

Where the original entry of mortgagor was not adverse, so that the entryman was in fact a "mortgagee in possession," and has continued as such until he acquired an apparent color of title based upon foreclosure of his mortgage, such possession does not, by merely acquiring such color of title, become "adverse" to owner of equity of redemption, but notice of acquisition of such "color of title," or some other notice that the party is then claiming to hold adversely, must be given, before such party can claim the benefit of adverse possession

under such color of title. **Held,** further, that such notice is unnecessary where the possession was adverse from its inception, either because made without color of foreclosure title and in denial of mortgagor's rights,. or because originally made under color of foreclosure title.

17. **Quieting Title—Commencing Action—Estoppel by Laches—Adverse Claim—Limitations.**

Where, at the time of commencement of an action to quiet title against one claiming under foreclosure of a mortgage, but whose possession and use of the mortgaged premises had not become adverse to plaintiff, the widow of mortgagor, until foreclosure deed was executed about three years prior to commencement of the action, held, that plaintiff was not estopped from claiming the property on the ground of her laches.

(Opinion filed April 6, 1914.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Jane D. West against the Middlesex Banking Company and others, to determine adverse claims and to quiet title to realty. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Judgment affirmed as modified, and order affirmed.

*L. T. Van Slyke,* and *G. Winthrop Lewis,* for Appellants.

The defendant, Central Investment Company, was a mortgagee in possession, and its possession was adverse. Nash v. N. W. Land Co. (N. D.) 108, N. W. 792; Mears v. Somers Land Co. (N. D.) 121 N. W. 916; Boschker v. Van Beek, (N. D.) 122 N. W. 338; Kenny v. McKenzie, (S. D.) 127 N. W. 597; Notes 23 L. R. A. (N. S.) 756; 27 Cyc. 1737-1738 n. 58, cases cited.

At the time this action was commenced more than ten years had elapsed since the right of action accrued to the plaintiff.

The relief granted was "relief not otherwise provided for," and comes within the limitations of Sec. 66, Code of Civ. Pro. read in connection with Sec. 39, Code Civ. Pro. Kenny v. McKenzie, 127 N. W. 597; Boschker v. VanBeek, 122 N. W. 338, p. 340.

If the plaintiff had come into court and stated the entire case as it was known to her attorneys, and demanded the proper relief, she would have been barred by Section 66, Code Civ. Pro. read in connection with Section 39, Code Civ. Pro. Houts v. Hoyne, 14 S. D. 176, 84 N. W. 773; Walters v. Bernard,

85 N. W. 1135; Houts v. Bartle, 85 N. W. 591, and Houts v. Olson, 85 N. W. 597; Nash v. N. W. Land Co., 108 N. W. 792; Mears v. Somers Land Co., 121 N. W. 916; Kenny v. McKenzie, 127 N. W. 579; Froelich v. Swafford, 144 N. W. 920; Boschker v. VanBeek, 122 N. W. 338; Jackson v. Rohrberg (Neb.) 142 N. W. 290.

If it once appears that the defendant is a mortgagee in possession under an invalid foreclosure, then the only remedy of the mortgagor, or his grantees, is a suit in equity for an accounting and for leave to redeem. Nash v. N. W. Land Co., 108 N. W. 792; Houts v. Hoyne, 84 N. W. 773; 3 Pom, Eq. Jur. 1190; Miner v. Beekman, 50 N. Y. 337; Hubbell v. Sibley, 50 N. Y. 468; Mears v. Somers Land Co., (N. D.) 121, N. W. 916; Boschker v. VanBeek, (N. D.) 122 N. W. 338, and Cotton v. Horton, (N. D.) 132 N. W. 225.

An action in the nature of ejectment, or to determine adverse claims, leading to a judgment granting possession, would not lie where the mortgagee is in possession, because the mortgage must first be disposed of, since under the "equitable lien theory," which is simply the ancient rule in equity made the law in South Dakota, a mortgagee cannot be dispossessed until his mortgage is paid in any event, and the remedy of redemption is exclusive of any such action. Finlayson v. Peterson, (N. D.) 89 N. W. 855, 15 Cyc. 15; 10 A. & E. Ency. L. 503; Keller v. Svuhir, 144 N. W. 671; 3 Pom. Eq. Jur. §§ 1189-1190; 3 Pom. Eq. Jur. § 1219; Rhomberg v. Bender, 134 N. W. 805, as to enforcing lien; Boschker v. VanBeek, 122 N. W. 338, p. 340.

The nature of the action and of the relief is determined by the nature of the issues raised. Mitchell v. Black Eagle Mining Co. (S. D.) 128 N. W. 159; Byrne v. McKeachie, (S. D.) 137 N. W. 343.

The court having found as a fact that the defendant Central Investment Company, had entered into the land under the foreclosure proceedings with the implied consent of the then owner, the conclusion of law should have followed that this action was barred by the limitations of Section 66 Code Civ. Pro. Nash v. N. W. Land Co., 108 N. W. 792; Kenny v. McKenzie, 127 N. W. 597.

As an additional plea in bar of this action, defendant, Central

Investment Company, alleged "that the cause of action attempted to be set up by the complaint did not accrue within fifteen years from the commencement of this action."

The weight of authority is to the effect that where the mortgagee has been in possession of the premises for the full period allowed by statute for foreclosure, the right of the mortgagor to redeem is barred.

Under findings No. 8 and 20 the presumption is that the entry by Central Investment Co. was by consent. Mears v. Sommers Land Co., 121 N. W. 916; Notes 23 L. R. A. (N. S.) 756; Nash v. N. W. Land Co. 108 N. W. 792.

In equity no mortgagee could be dispossessed after his right to enforce his lien had expired. 27 Cyc. 1821; 27 Cyc., 1737-1738, n. 68; 1816 n. 40; 1821, 1822 n. 91; 13 A. & F. Ency. L. (2d ed.) 784; Nash v. N. W. Land Co. 108 N. W. 792; Kelso v. Norton, 65 Kan. 778, 70 Pac. 896, 93 Am. St. R. 308.

After mortgagor has permitted the mortgagee to take possession, the latter has the right to retain possession until the mortgage is paid, and this although his right to maintain an action on the debt is barred. The right to foreclose and to redeem are reciprocal or mutual. Bradley v. Norris, 63 Minn. 156, 65 N. W. 357, Mitchell, J; Hughes v. Davis, 40 Cal. 117; 2 Jones on Mtgs. 6th Ed., 115; 13 A. & E. Ency. L. 784; 27 Cyc. 1816, N. 40.

The possession of Central Investment Co. was under claim and color of title made in good faith. This being established, this title became absolute in the defendant, Central Investment Company. Section 898 Civil Code; Murphy v. Nelson (S. D.) 102 N. W. 691; Mortenson v. Morse (Wisc.) 141 N. W. 273. Mears v. Somers Land Co. (N. D.) 121 N. W. 916.

To establish "color of title" it is necessary only that the instrument relied upon should "profess to transfer a title to the grantee." Wood v. Conrad, 2 S. D. 903, 50 N. W. 95; Murphy v. Nelson, (S. D.) 102 N. W. 691; Notes 15 L. A. R. (N. S.) 1218. There was perfect good faith in the transfer of this title through Bealz. This deed conveyed and transferred every interest to Central Investment Company. The sheriff's certificate, assigned to Central Investment Company, was also color of title. Weber v. Anderson, 73 Ill. 442; Vol. 88 Am. St. R. 691-729, is the case of Power v. Kitching, reported in 10 N. D. 254, 86 N. W. 737; Field

v. Boynton, 33 Ga. 239; 1 Cyc. pp. 1097-8, n. 44; Neal v. Nelson, 117 N. C. 393, p. 404, 53 Am. St. R. 590; Schauble v. Schultz, 137 Fed. 389; Normant v. Eureka Company, 98 Ala. 181, 39 Am. St. R. 45; Field v. Boynton, 33 Ga. 239; 1 Cyc. 1097-8 n. 4; Neal v. Nelson, 117 N. C. 393, p. 404, 53 Am. St. R. 590.

No delay in demanding sheriff's deed can in any manner affect the vested rights of the holder of the certificate of sale, or the color of title given him by the certificate, and when such a deed is delivered it relates back to the date of the mortgage, under Section 662, Code Civ. Pro., or to the time when he was entitled to it. MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Farr v. Semmler, 123 N. W. 835; Van Camp v. Weber, 130 N. W. 591; Rhomberg v. Bender, 134 N. W. 805; Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901; Wood v. Conrad, 2 S. D. 405, 50 N. W. 903; Jackson v. Ramsey, 3 Cowen, 75; Wright v. Douglas, 2 N. Y. 373; Schauble v. Schulz, 69 C. C. A. 58, 137 Fed. 389. The codes do not require a reply. The reply led to relief not asked for, and to which the plaintiff would not be entitled by the complaint; it was a departure in that it attempted to change the nature of the action. Stenson v. Elfmann, (S. D. 1910) 128 N. W. 588; Gull River Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743; Glecker v. Slavens, 5 S. D. 364, 59 N. W. 323.

The reply was a departure, and attempted to leave the cause of action in the complaint—one for possession of the land on a superior legal title in plaintiff—to a suit to redeem from a mortgagee in possession. Bliss Code Pl. Section 396; 31 Cyc. 257, n. 25; 18 Ency. Pl. & Pr. 659, 707; Sams v. Price, 119 N. C. 572, 26 S. E. 170; McFarland v. Cornwell, (N. C. 1909) 66 S. E. 454.

The prayer of the Reply is for entirely different relief from that asked for in the Complaint.

If paragraphs II. to IV., inclusive, of the Reply had been stricken out, then the complaint was insufficient to entitle the plaintiff to the relief granted by the judgment herein. McFarland v. Cornwell, 66 S. E. 454; Keller v. Locutor, 144 N. W. 671.

*Campbell & Walton,* for Respondent.

This case is an action in the nature of an action of ejectment. An action of ejectment may be maintained by the owner of the fee against a mortgagee in possession.. Schierloh v. Schierloh, 72

Hun (N. Y.) 150, 25 N. Y. Suppl. 676; Montouer v. Purdy, 11 Minn. 384, 88 Am. Dec. 88, 15 Cyc. 74.

The mortgagor may enforce his equitable rights against the mortgagee in possession in an action of ejectment, and in such case the rents and profits to be accounted for and the sum due and owing to the mortgagee, will be determined by the jury. 10 Am. & Eng. Ency. of Law 2nd Ed. P. 502; Reitenbaugh v. Ludwick, 31 Pa. St. 131; Wells v. Van Dyke, 109 Pa. St. 330, 9 Atl. 451. Kenney v. McKenzie, (S. D.) 127 N. W. 597.

At the time this suit was brought defendants were not mortgagees in possession, but were after November 27, 1908, holding adversely to plaintiff, and no statute of limitations began to run against plaintiff, whether this be held to be an action in ejectment or an action to redeem, until after that time.

When in 1908 it took and recorded a sheriff's deed pursuant to its void certificate of sale on foreclosure purporting to convey to it full, complete and independent title, this was notice to the plaintiff, as owner of the fee, and to all concerned that defendant no longer claimed to occupy the land as a "mortgagee in possession," but claimed to hold under an independent title hostile and adverse to the plaintiff.

The facts in this case do not show any laches, or equitable estoppel of plaintiff. Hawley v. Cramer, 4 Cow. (N. Y.) 719, 8 L. Ed. 543; 16 Cyc. 152, note 34 and cases cited.

Plaintiff has not been deprived of the right to assert her legal title by the operation of any statute of limitations. Plaintiff cannot be barred by Sec. 54 Code Civ. Pro.

A subsequent deed cannot be allowed to relate back and be color of title under the meaning of Sec. 54.

The certificate of sale conveys no title. It is not a step in the title subsequently to be passed by the sheriff's deed, for it need not even be recorded. Sec. 373, Code Civ. Pro.; McMillan v. Richards, 9 Cal. 365, 70 Am. Dec. 655; Flanders v. Aumack, 32 Ore. 19, 51 Pac. 447, 67 Am. St. Rep. 504.

An instrument of writing, to be effectual as color of title, must purport on its face to convey the title. It must apparently transfer the title to the grantee. Nelson v. Davidson, 160 Ill. 254 52 Am. St. Rep. 338, and cases cited; Bennett, J., in Wood v. Conrad, 2 S. D. 334, 50 N. W. 95 (1891.)

Our statute requires "color of title, made in good faith." And Central Investment Company could not in good faith claim title to this property under the deed from Bealz. Orthwein v. Thomas, 127 Ill. 554; 21 N. E. 430, 11 Am. St. Rep. 159.

Plaintiff is not barred by Chap. 293, Laws of 1909. It is not applicable. Price v. Hopkins, 13 Mich. 318. (Cited in note 50 Am. Dec. 393.) Plaintiff is not barred by Sec. 66, Code C. P.

But even granting this were an action to redeem, the same should not be considered barred by limitations before the lapse of twenty years.

This action is not barred, because, if defendant was a mortgagee in possession, its holding did not become adverse until 1908, and statutes barring a bill to redeem would not commence to operate until that time; and on the other hand, if defendant's possession was adverse from 1896, it was never a mortgagee in possession, and ejectment was and is proper at all times against it, and the only statute protecting it would be the twenty year statute, which of course has not yet run. Technically, a mortgagee in possession is one who has entered under his mortgage, with the consent of the mortgagor, for the purpose of paying off his mortgage by taking the rents and profits. So long as the relation of mortgagor and mortgagee exists, the statute does not commence to run in favor of either the mortgagor or mortgagee. Demarest v. Wynkoop, 3 John. Ch. 129, 8 Am. Dec. 467; Waldo v. Rice, 14 Wis. 286; Green v. Turner, 38 Iowa 112; Jones. v. Foster, 175 Ill. 459, 51 N. E. 862.

Consent of the mortgagor is necessary for the mortgagee to enter into possession before foreclosure. Nash v. Northwestern Land Co., 15 N. D. 566, 108 N. W. 792; Sec. 2054, Civ Code So. Dak.

If the courts are going to give the purchaser the benefits of a mortgagee in possession, they must also make him bear the burden of it, one of which is that the statute does not run in his favor against the mortgagor until, after entry he has given actual notice of adverse holding.

Either the defendant Central Investment Company was never a mortgagee in possession, but at all times a mere disseisor, or it has been at all times a mortgagee in possession, but has never been holding adversely, and the statute has never commenced to run

against the mortgagor, or his successors in interest. Rigney v. De-Graw, 100 Fed. 213 (Missouri); Stout v. Rigney, 46 C. C. A. 459, 107 Fed. 545; Lightcap v. Bradley, 186 Ill. 510, 58 N. E. 221; Becker v. McCrea, 193 N. Y. 423, 86 N. E. 463.

This action is a proper one and rightly brought.

If defendant Central Investment Company be treated as a disseisor from 1896, then ejectment would properly lie at all times, and this action is under our code the only substitute we have for the old action of ejectment.

If treated as mortgagee in possession, ejectment will lie, whereas in this state a mortgage does not give the right to possession. Montouer v. Purdy, 11 Minn. 384, 88 Am. Dec. 88; Schierloh v. Schierloh, 72 Hun (N. Y.) 150, 25 N. Y. Supp. 676; Reitenbacugh v. Ludwich, 31 Pa. St. 131; Wells v. Van Dyke, 109 Pa. St. 330, 4 Atl. 451; Clark v. Darlington, 7 S. D. 148.

WHITING, J.   This action presents for adjudication the rights of the several parties thereto in and to a certain quarter section of land in Brown county, South Dakota. In September, 1888, one Brewster, the then owner of this land, being indebted to the Minnesota Mortgage Company, gave a mortgage thereon to secure such indebtedness. This mortgage and indebtedness were assigned to the Middlesex Banking Company, in October, 1888; this assignment was placed of record but the acknowledgment thereto was defective, it being acknowledged by a director of the corporation. The mortgage indebtedness remaining unpaid, the Middlesex Banking Company, in 1895, proceeded to foreclose the mortgage by advertisement and sale as provided by statute; the foreclosure proceedings were regular in form, and the Middlesex Banking Company, in April, 1895, became the purchaser of said land and received a sheriff's certificate upon foreclosure sale, which certificate was at once filed for record. The Middlesex Banking Company, in April, 1895, assigned its sheriff's certificate to one George Bealz, who almost immediately assigned the same to the Central Investment Company—the title to this certificate passing through the said Bealz merely as a matter of convenience, he in fact never having any real interest therein. The assignment to Bealz and Central Investment Company were not recorded until 1908. Subsequent to the giving of the mortgage above referred to, Brewster mortgaged the same lands to one Adams to

secure an indebtedness to him. This mortgage was afterwards foreclosed; the foreclosure proceedings were concededly regular; one West became the purchaser, and in August, 1894, received the sheriff's deed and went into possession of said land. In the year 1896, West surrendered the possession of said land to the Central Investment Company which then entered into and has remained in possession ever since. About the year 1909 the Central Investment Company made a contract for the sale of the land to one V. O. Terry. The Central Investment Company did not take out a sheriff's deed until November, 1908. In July, 1899, Bealz executed to the defendant Central Investment Company a quit-claim deed purporting to convey this and other lands, and this deed was then placed of record. The Central Investment Company has, ever since it first took possession thereof, enjoyed the use and occupation of this land and paid the taxes thereon. The Middlesex Banking Company holds a mortgage on this land given by the Central Investment Company. West died some years subsequent to his surrender of the possession of said land, and his widow, Jane D. West, succeeded to such interest or estate therein as he may have died possessed of.

Jane D. West brought this action making Middlesex Banking Company, a corporation, Central Investment Company, a corporation, and V. O. Terry defendants. The complaint was drawn to conform to the provisions of chapter 81, Laws 1905, and alleged ownership and right of possession in plaintiff; that defendants each claim an "interest in or lien or incumbrance upon the premises adverse to plaintiff"; that such claims are unfounded; that the action is brought to determine adverse claims and to quiet title in plaintiff; that defendant, Central Investment Company, had been in possession since April, 1906; and the value of the use and occupation of such land. The prayer for relief demanded that defendants be required to set forth the nature of their claims; that all claims be determined by the decree; that defendants be adjudged to have no interest or estate in said premises; that defendants be enjoined from asserting any claim in and to said premises; that plaintiff recover judgment for the use and occupation of said premises and for her costs in this action; "and for such other and further relief as to the court may in the premises seem meet and agreeable to equity." Each defendant interposed an

answer but we need consider that of the Central Investment Company only. It pleaded, for its first defense, a general denial, the contract with Terry, the giving of the mortgage to defendant Middlesex Banking Company, and that such mortgage remained unpaid; for its second defense, the giving of the Brewster mortgage, the assignment thereof to its co-defendant, the foreclosure and purchase on foreclosure sale, the assignment and recording of the sheriff's certificate, the possession taken by it, and the receipt and recording of the sheriff's deed; for its fourth defense, that plaintiff is relying upon the invalidity of the mortgage foreclosure under which defendant claims, and that her only cause of action would be one to redeem and for an accounting, which cause of action, as well as that pleaded in the complaint, did not arise within ten years from the commencement of this action; for its fifth defense, that the cause of action pleaded did not arise within fifteen years from the commencement of this action; for its sixth defense, possession and payment of taxes for ten years, under claim and color of title made in good faith; and for its seventh defense and by way of counterclaim, that the note, secured by the mortgage under which defendant claims, has never been paid, the amount due thereon, and the amount defendant has expended in permanent improvements and for taxes. Defendant prayed that plaintiff's claims be held invalid; that defendant be adjudged the owner of said premises; that, if plaintiff be adjudged entitled to recover the possession of the premises, she be required to pay the amount due on said note, the value of the improvements and the taxes; and for such other judgment as may be just and equitable. Plaintiff replied to such counterclaim and alleged: (1) that she had no knowledge of the allegations thereof and therefore denied the same; (2 to 5) matters excusing any apparent laches on part of plaintiff, and excusing delay in instituting this action; and (6) that she is willing and offers to pay all sums found due defendant owing to the facts set forth in its counterclaim, but deducting therefrom the value of rents and profits of said land during its possession. She prayed that the court ascertain the amount due on the mortgage note, the amount due for taxes paid, the value of the rents and profits, and render judgment for the difference in favor of the party entitled thereto.

Trial was had to the court without a jury; findings, con-

clusions and judgment entered in favor of plaintiff; a motion for new trial was overruled; and the defendants all appealed from the judgment and order denying a new trial. The judgment decreed title and right of possession in plaintiff, and a lien for mortgage indebtedness and for taxes paid, less value of use and occupation of land, in favor of Central Investment Company.

Before the introduction of any evidence the defendants moved that all the reply, except the first paragraph, be stricken out, on the ground, "that the codes do not require a reply; that the reply led to relief not asked for or to which the plaintiff would not have been entitled by the complaint; that it was a departure in that it attempted to change the nature of the action, and that no party could change the nature of the action by reply or attempt to amend the complaint in that manner." This motion was overruled, and this ruling is assigned as error.

[1] Certainly appellants cannot complain simply because a reply was interposed where none was required, provided the reply was such an one as would have been proper if appellants had asked that plaintiff be required to reply, or if it be one that raised no issue that could not have been submitted under the complaint and answer. Appellants contend that by such reply respondent was seeking to change this action from one to quiet title to an action for redemption. Respondent strenuously contends that the action brought, though it be the action provided for by Chap. 81, Laws 1905, partakes of the nature of the common law action of ejectment; that such an action can be brought against a mortgagee in possession; that, therefore, her reply, wherein she offers to pay off the amount of defendant's lien, in no manner seeks to change the nature of the action as set forth in the complaint—that it still remains an action in the nature of ejectment.

[2] A mere glance at the prayers of the complaint and reply reveals the weakness of respondent's contention, revealing, as it does, the fact that she is wrong in her premise wherein she assumes that this action partakes of the nature of one in ejectment. While it is undoubtedly true that, in an action brought under chapter 81, Laws 1905, an issue as to the right of possession may be raised and a judgment giving possession as a matter of legal, as distinguished from equitable right,

may be demanded, nothing of the kind is presented by the pleadings herein. The relief prayed for was all equitable in its nature —possession of the premises was not asked for, and, if it should be given by the decree of the court, it could only be by virtue of the equitable powers of the court. The construction of the complaint herein is controlled absolutely by the decision of this court in Byrne v. McKeachie, 29 S. D. 476, 127 N. W. 343.

[3] Although respondent is in error in the above contention, yet it is clear to us that the reply neither enlarged upon nor changed the nature of the action set forth in the complaint; and that allowing the reply to stand and receiving evidence to sustain its allegations could not in any manner have prejudiced the rights of appellants for the reason that such evidence would all have been admissible under the complaint and answer. That this is true appears clear when we consider the nature of the action contemplated by said chapter 81, supra. This law provides for an action to determine all adverse claims to the property in question, to quiet title thereto in plaintiff, or, in a proper case, to determine the liens or interest of all parties in and to such property. There can be no question but that, under the complaint and answer herein, the court had the power to determine and adjudge the claims of both parties; and, having so determined the claims of both parties, it had the power, as a court of equity—the facts proven warranting such equitable relief—to grant plaintiff the right to redeem from the lien held by defendants and to decree that, upon payment of same, plaintiff should be let into possession. Surely this is true in view of the relief demanded in the answer of Central Investment Company, wherein it prayed that, "if plaintiff be adjudged entitled to recover possession of said premises, she may be required to pay the said mortgage indebtedness * * * and that this defendant's claim for improvements and taxes and assessments be tried and that it recover for same * * *"; the effect of such a judgment would certainly be to redeem the land from the mortgage lien. Section 311, C. C. P. provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him relief consistent with the case made by the complaint and embraced within the issue."

Appellants concede that the mortgage foreclosure, under

which they claim, was invalid owing to the defective acknowledgment of the assignment of mortgage; they also concede that respondent, through the foreclosure of the second mortgage, acquired the fee title to this land; but they insist that the Central Investment Company has since acquired a superior title through adverse possession and payment of taxes under color of title, and further that, if it has not so acquired title, yet it has acquired title by virtue of the fact that it is a mortgagee in possession and respondent's right to redeem from said mortgage and recover possession has become barred by one or the other of the statutes of limitation pleaded.   Cox v. Tompkinson, 39 Wash. 70, 80 Pac. 1005; Nash v. Northwest Land Co., 15 N. D. 566, 108 N. W. 792; 27 Cyc. 1737.

That the Central Investment Company had been in possession of this land and had paid taxes for more than ten years is undisputed.   Was this possession under color of title made in good faith?   It received the Bealz deed more than ten years prior to the commencement of this action.   Appellant contends that such deed was "color of title" while respondent insists that, inasmuch as such deed only purported to convey what title the grantor had and the records revealed no title in the grantor, such deed was not "color of title."   It is unnecessary for us to consider this point for the reason that it is perfectly clear, under the evidence received, that any claim of title made under this deed is not made in good faith, the defendant, under the facts proven, being chargeable with knowledge that Bealz had no title.

[4] As was said in Hardin v. Gouveneur, 69 Ill. 140; "A party receiving color of title, knowing it to be worthless, * * * although he holds the color and asserts the claim, cannot render it availing, because of the want of good faith." No useful purpose would be subserved in reviewing the evidence upon this point.

[5] Appellants contend that the sheriff's certificate of sale was color of title. With this contention we cannot agree. A certificate of sale merely declares that a sale has been made, and that the property is subject to redemption within a year.   Conceding all that the certificate states to be true, it fails to purport that title has been conveyed—the certificate itself, even if valid, conveys no title whatsoever.

[6]   As was said by this court in Wood v. Conrad, 2 S. D.

334, 50 N. W. 95: "A deed, to constitute color of title, must apparently tranfer title to the holder—not that the title should purport when traced back to its source, to be an apparently legal title, but the instrument relied upon must profess to convey a title to the grantee." Flanders v. Aumack, 32 Ore. 19, 51 Pac. 447, 67 Am. St. Rep. 504. In Lightcap v. Bradley, 186 Ill. 510, 58 N. E. 221, the court said: "Defendant took and held possession under her certificate of purchase, but the paper title relied upon under the statute of limitations must apparently transfer title to the holder. Shackleford v. Bailey, 35 Ill. 387; Dickenson v. Breeden, 30 Ill. 279; Bride v. Watt, 23 Ill. 507; Rigor v. Frye, 62 Ill. 507. A certificate of purchase does not purport to convey title, but on its face shows the contrary, by stating the amount of the bid, and when the holder will be entitled to title if the premises are not redeemed. A purchaser is not entitled to possession by showing that he bid off the land at a sale. Johnson v. Baker, 38 Ill. 98. [87 Am. Dec. 293]. The purchaser of land under an execution or the foreclosure of a mortgage has no legal title, or right to be invested with a legal title, until the time allowed for redemption has expired. Rockwell v. Servant, 63 Ill. 424. The certificate of purchase confers on the holder no title in the land. Huftalin v. Misner, 70 Ill. 55. In Hays v. Cassell, Id. 669, it was said (page 672): 'The certificate of purchase conveyed no title to the purchaser, nor did it disturb the possession of the defendant. That still continued in him, and would so remain until fifteen months had elapsed, and his title transferred by the sheriff's deed.' A court has no power to award possession to a purchaser before the expiration of the period of redemption, and such purchaser is not entitled to possession before the execution of a master's deed to him. The certificate of purchase only entitles him to receive the legal title at a future time, upon a certain condition." We are aware that there is authority supporting appellant's contention (Goetter v. Moore, 53 Wash. 5, 101 Pac. 365), but we believe the holding of the Washington court to be unsound in principle. The true rule is stated in the notes found in 88 Am. St. Rep. 691 where numerous authorities are cited in support thereof; it is there said: "Whenever an instrument by apt words of conveyance from grantor to grantee in form transfers what purports to be the title,

it gives color of title. Color of title may be shown by any paper purporting to convey the land or the right to possession into the party asserting adverse possession, however and for whatever reasons it may be lacking in the essentials of a muniment of title. But the instrument must profess to pass title. It must purport on its face to convey the title to the grantee, and apparently do so."

[7] Appellants further claim that, even though the foreclosure was invalid, the deed issued thereon was color of title and sufficient upon which to base claim of title through possession and payment of taxes—they contend that, though this deed did not issue until the year 1908, yet, when it did issue, in legal effect it related back to the date of the certificate, thus rendering the certificate color of title during all the time since its issuance. We think it needs no argument to show that the color of title, upon which a claim of title by possession and payment of taxes can be based, must be a color of title existing at the time of such possession and payment of taxes, and that, as was stated in Lightcap v. Bradley, supra: "His deed will relate back, it is true, to the beginning of his lien, in order to cut off intervening incumbrances; but it will not carry back the absolute divestiture of title."

Is respondent entitled to redeem this land from the mortgage lien? It is conceded by all parties that the Central Investment Company is, in equity, a mortgagee in possession, so that we have the successor in interest of the mortgagor seeking to redeem from one occupying the position of a mortgagee in possession.

[8] The sole remedy against a mortgagee, who is in possession of the mortgaged land under the express or implied consent of the mortgagor, is through redemption from the mortgage. Kelso v. Norton, 65 Kan. 778, 70 Pac. 896, 93 Am. St. Rep. 308; Boschker v. Van Beek, 19 N. D. 104, 122 N. W. 338; 27 Cyc. 1737. In Claflin Co. v. Middlesex Banking Co., (C. C.) 113 Fed. 958, it was contended that the original mortgagor was the only party who could bring an action to redeem under such circumstances. The court said: "The right to redeem in this action is not claimed under a statute, but is purely an equitable action to redeem from one who it is claimed is in possession as a mortgagee. Such a right to redeem may be exercised by assignees or grantees of the mortgagor, as fully as by the mortgagor, and upon the same terms

and conditions, neither greater nor less.   Moore v. Anders, 14 Ark. 635, 60 Am. Dec. 551; Jones v. Matkin, 118 Ala, 341, 24 South. 242; Nesbit v. Hanway, 87 Ind. 400; Moody v. Funk, 82 Iowa, 1, 47 N. W. 1008, 31 Am. St. Rep. 455; Brown v. Bank, 148 Mass. 300, 19 N. E. 382; Shoulder v. Bonander, 80 Mich. 531, 45 N. W. 487; Brewer v. Hyndman, 18 N. H. 9."

Appellants contend that, though the Central Investment Company was a mortgagee in possession, its possession has, from its inception, been adverse; that, being adverse, it set running the statutes of limitation against respondent's right of action to redeem; that such possession having continued for more than 15 years, respondent's right to redeem has been barred by either the 10 or 15 year statute of limitation; and that, inasmuch as respondent has lost all rights in and to this land, the title thereto should be quieted in the Central Investment Company.   Respondent contends that the possession of the Central Investment Company was not, in its inception, adverse; that, if it ever became adverse, it was not until the sheriff's deed was taken and recorded, which was about three years prior to the commencement of this action; and that, even though appellants' possession be considered adverse from its inception, yet respondent's right of action to redeem would not be barred for the reason that the Central Investment Company is a foreign corporation and cannot plead the bar of any statute of limitation.

[9] It will thus be seen that there is no claim made that any possession, other than that which is adverse, will ever bar the right of the mortgagor—or of one succeeding to his rights—to redeem from the mortgage lien. That such is the law cannot be questioned. Stout v. Rigney, 107 Fed. 545, 46 C. C. A. 459; Nash v. Northwest Land Co., supra; Becker v. McCrea, 193 N. Y. 423, 86 N. E. 463, 23 L. R. A. (N. S.) 754; Backus v. Burke, 63 Minn. 272, 65 N. W. 459; Vol. 2, Jones on Mortgages, § 1152.

[10] Upon the other hand, the law is as well settled, that where a mortgagee enters into possession, claiming such possession adverse to the mortgagor, and notice that such possession is claimed to be adverse is brought home to the mortgagor or to the party who has succeeded to the mortgagor's interest in the land, the statute of limitation against an action to redeem is set in motion. Becker v. McCrea, supra; Claflin Co. v. Middlesex Banking Co.,

supra; Cox v. Tompkinson, supra; Stout v. Rigney, supra; Nash v. Northwest Land Co., supra; Mears v. Somers Land Co., 18 N. D. 384; 121 N. W. 916.

[11] This court has held that the 10 year statute of limitation (§66 C. C. P.) applies to an action to redeem from a mortgage lien (Houts v. Hoyne, 14 S. D. 176, 84 N. W. 773), and our sister state has followed this court in so holding. Nash v. Northwest Land Co. supra.

It will thus be seen that the crucial question presented is, "When, if ever, did the possession of the Central Investment Company, as mortgagee in possession, become adverse?" It must be borne in mind that the term "mortgagee in possession" came into use at a time when a mortgage was held to convey the legal title of the land to the mortgagee. Under the provisions of such a mortgage, possession might be taken by the mortgagee even before condition broken. The mortgagor's sole remedy was through redemption before the time when the mortgagee's title would become absolute under the provisions of the mortgage. While the mortgagee was thus in possession, and during the period when the mortgagor retained the right of redemption, the mortgagee was bound to account for the rents and profits of the premises and credit the value thereof on the mortgage debt whenever the mortgagor offered to redeem. Such was the "mortgagee in possession" as he was known to the common law.

[12] But, as was said in Kelso v. Norton, supra: "In this state, by force of statute, a mortgage retains but few, if any of its common-law attributes. It is a mere security contract, incident to the debt. The mortgagor, both before and after the default, is entitled to the possession of the premises. The only legal right of the mortgagee is to foreclose the equity of redemption, and obtain a decree of sale in satisfaction of his debt. While such are the legal rights of the mortgagor and mortgagee in this state, it does not follow that these legal rights may not be changed or waived by agreement, express or implied. If the mortgagor consents to the mortgagee's taking possession of the premises for the better security of his debt, and the mortgagee does take possession, it is clear that the possession thus taken will constitute 'a mortgagee in possession.'" In this state by statute (§ 2054 C. C.) the mort-

gagor may, by the terms of the mortgage itself or by agreement thereafter entered into, grant possession to the mortgagee.

[13]    A mortgagee entering into possession, under a provision contained in the mortgage or under the express or implied permission of the mortgagor, becomes in the true sense a "mortgagee in possession." Possession so taken cannot be an adverse possession, and can only be made adverse by some act of the mortgagee inconsistent with the rights of the mortgagor. This has sometimes led the courts to declare that the possession of "mortgagee in possession" could never be adverse, that whenever it became adverse it was not that of one holding as mortgagee. Thus we find the Supreme Court of Minnesota saying, in Rogers v. Benton, 39 Minn. 39, 38 N. W. 765, 12 Am. St. Rep. 613: "The only logical rule is, that, to constitute 'a mortgagee in possession,' the mortgagee must be in possession by reason of the agreement or assent of the mortgagor, or his assigns, that he have the possession under the mortgage and because of it. The right to take possession under his mortgage being taken away, nothing remains but to foreclose, or else make some arrangement for his better security with the owner of the fee. Having no right to take possession under his mortgage, the mortgagee can get none, except by the agreement or assent of the one who owns that right. This, of course, need not necessarily be express. It may be implied from circumstances. Where the mortgagor expressly abandons possession, his assent that the mortgagee might go into possession under his mortgage might well be implied, especially when he allows him to remain in possession for a considerable length of time without objection. But, after all, the assent, express or implied, of the mortgagor, that the mortgagee may take possession under or because of his mortgage, is of the essence of 'a mortgagee in possession.'" And we also find the court in Becker v. McCrea, supra, saying one cannot become a "mortgagee in possession" unless his entry is with the consent of the owner of the equity of redemption, express or implied. Nevertheless it is held that, whenever a purchaser at a void foreclosure sale enters into the possession of the property under the foreclosure proceedings, he becomes a "mortgagee in possession" though such possession be concededly one adverse to the holder of the equity of redemption. Boschker v. Van Beek, supra; Nash v. Northwest Land Co.,

supra; Kelso v. Norton, supra; Backus v. Burke, supra. In this last case the court repudiates what was said by it in Roger v. Benton, supra, and says of a purchaser at a void foreclosure sale: "But if such a purchaser at a foreclosure sale cannot be a mortgagee in possession unless he is in with the consent of the mortgagor, he will cease to be a mortgagee in possession, and becomes a mere trespasser, liable to an action of ejectment, as soon as he repudiates his license, and commences to hold adversely. We cannot hold that such is the law. Such a purchaser, entering under color of the foreclosure proceedings, enters adversely, not by the consent of the mortgagor, and continues to hold adversely from the time he enters." It seems clear to us that the Minnesota court was correct in its first opinion; that, in order to be a "mortgagee in possession" in its true sense and entitled to be protected as such, one must enter such possession and retain same with full recognition of the rights of the holder of the equity of redemption—in other words, that his possession cannot be adverse and can never start running any statute of limitation in his favor. We agree with the views of the court of our sister state as declared in Brynjolfson v. Dagner, 15 N. D. 332, 109 N. W. 320, 125 Am. St. Rep. 595: "There is a wide distinction between an actual mortgagee in possession and one who in equity may be dealt with as such in order to afford equitable relief. The fiction by which an adverse claimant is deemed a mortgagee in possession is resorted to and applied after the adverse claim is found to be invalid, but the defeated claimant is nevertheless entitled to equitable relief. In short, in order to place appellants in the position of mortgagees in possession, we must first decide that their adverse claim is invalid." Thus we see presented a condition of the law, which, at first blush, would seem to be anomalous—we see one, who, under a fiction resorted to by courts of equity for the purpose of insuring equity, is given the equitable protection due a "mortgagee in possession", occupying a more favorable position than one who in fact is a "mortgagee in possession," in that, being in adverse possession, the statute of limitation runs in his favor against the right of the owner of redemption to redeem, thus giving to him all the rights flowing from continued adverse possession, none of which rights can be claimed by one who is in fact, and not in fiction, a mortgagee in possession. Until deed taken upon foreclosure, neither

the mortgagee nor the purchaser at foreclosure sale is entitled to the possession of the property, except where the right of possession is given in the mortgage itself or has been otherwise granted by the mortgagor or his successor in interest, and against a possession taken without such consent, express or implied, ejectment will lie without payment of the mortgage debt or offer to pay same.   One so entering and holding possession has not the rights of a "mortgagee in possession", and is in no wise treated as one either at law or in equity.   This is true where entry is made under a void foreclosure but before deed taken.   The relation of mortgagor and mortgagee would still exist if the foreclosure had been valid, and certainly exists if the foreclosure is invalid; one can acquire no right of possession under an invalid foreclosure that he could not acquire under a valid one.   It follows that one can never become a "mortgagee in possession," possessed of the rights incident to that position, prior to the issuance of deed upon foreclosure, except with the consent, express or implied, of the owner of the equity of redemption; that, therefore, when the facts are such that one is a "mortgagee in possession" prior to issuance of foreclosure deed, he is not such through any fiction of law; he cannot claim his possession to be adverse; and therefore he cannot claim any rights that would flow from a statute of limitation based upon adverse possession.   Such was the position of the Central Investment Company, up to the time it took its sheriff's deed; it was a "mortgagee in possession," not by virtue of any fiction indulged in by courts of equity, but because it had taken possession of the mortgaged property with the consent of the owner of the equity of redemption, at a time when, whether the foreclosure proceedings were valid or void, the relation of mortgagor and mortgagee still existed.   That the possession of Central Investment Company was with the consent of West is fully established by the authorities.   Becker v. McCrea, supra; Kelso v. Norton, supra; Rogers v. Benton, supra; Nash v. Northwest Land Co., supra.

[14] The Central Investment Company never did anything inconsistent with the position of a true "mortgagee in possession," until it took out deed. Payment of taxes and cultivation of the land were not only its right but duty.

[15] Equity indulges in the fiction whereby it gives one, not

otherwise entitled thereto, the protection given a "mortgagee in possession," either (1) when a party, relying upon an apparent color of title based upon a mortgage foreclosure, has entered upon the property, either with or without the consent of the owner of the equity of redemption, and it afterwards turns out that such apparent color of title is invalid, or (2), when a party, having already entered upon the premises without any apparent color of title, has acquired a color of title based upon an invalid foreclosure of a mortgage, and continues such possession relying upon such color of title. As those who seek equity must come in "with clean hands," the possession under the color of title must be in good faith believing the title to be good in order to render such possession such as will start in motion a statute of limitations. Corby v. Moran, 58 Kan. 278, 49 Pac. 82.

[16] It follows that, where the original entry was not adverse, so that the entryman was in fact a "mortgagee in possession," and has continued as such until the acquiring of an apparent "color of title" based upon foreclosure of his mortgage, such possession does not become "adverse" to the owner of the equity of redemption and thus start in motion any statute of limitation by the mere acquisition of such "color of title," but notice of the acquisition of such "color of title" or some other notice that the party is then claiming to hold adversely must be given before such party can claim any of the benefits flowing from adverse possession under such color of title. Of course such notice is unnecessary where the possession was from its inception "adverse," adverse either because made without color of foreclosure title and in denial of the mortgagor's rights, or because originally made under color of foreclosure title. In Stout v. Rigney, supra, it was said: "Nor do we believe it to have been essential to render their possession adverse that they should have notified the complainant that they were holding the land adversely, and would dispute her right to redeem, inasmuch as the entry was made under a deed which purported to convey an absolute title, and which also professed to foreclose her right to redeem." In Nash v. Northwest Land Co., supra, the court said: "Of course, where the mortgagee is permitted to take possession under an agreement on his part to hold in subjection to the mortgagor's rights, such possession is not deemed adverse so as to

set the statute of limitations in motion against the mortgagor until the mortgagee distinctly disavows his obligations as such, and notice thereof is brought home to the mortgagor. * * * Where, however, the mortgagee's possession is adverse from the beginning and he has never acknowledged any obligation to the mortgagor, there is no ground for the presumption above mentioned and the act of taking possession not only gives rise to a cause of action in favor of the mortgagor, but also starts the statute of limitations running against such cause of action."

We have discussed thus fully what seems to us to be the underlying principles the recognition of which have given rise to the fictional "mortgagee in possession," because we have found no authority wherein this matter has been fully analyzed, and the reasons clearly pointed out as to why one, who has not acquired "color of title" based upon foreclosure of his mortgage, cannot be recognized as a fictional "mortgagee in possession." While the reasons for the distinction are not pointed out in the authorities, yet an examination of them will reveal the fact that wherever a purchaser at a void foreclosure has been held "a mortgagee in possession", he has in every case, so far as we can find, held his possession under a deed upon foreclosure or some other color of title based on a foreclosure of his mortgage. This fact is noted in the notes to Becker v. McCrea, supra, found in 23 L. R. A. (N. S.) at page 757. In Becker v. McCrea, the party, a Mrs. Eddy, entered under a decree of foreclosure and remained in possession for twenty-five years. There had been no sale and hence no deed. The court said: "That the possession of Mrs. Eddy was not adverse in the ordinary sense of the term is quite apparent, for she entered with the consent of the owner of the equity, and, as found, became a mortgagee in possession of the premises." In the notes to this case as found in L. R. A., the author, after reviewing numerous cases holding parties in possession to be "mortgagees in possession" holding adversely, says, on p. 757, of 23 L. R. A. (N. S.) :"It is to be noted that in all of the foregoing cases the mortgagee, or the purchaser at the foreclosure sale, entered into possession under a paper title, based upon a decree or deed purporting to convey the mortgaged premises. In this respect they are distinguishable from Becker v. McCrea, wherein the foreclosure proceeding was not prosecuted to a sale of the mort-

gaged premises, and the mortgagee thereafter entered into possession with the consent of the mortgagor, and became a mortgagee in possession.  He therefore was within the doctrine already stated, that, to render his "possession adverse, so as to start the operation of the limitation statute in his favor, he must, by some act, clearly disavow and repudiate the relation of mortgagor and mortgagee, and claim to hold as owner in fee.  This distinction is also made in Lightcap v. Bradley, 186 Ill. 510, 58 N. E. 221, wherein it was held a purchaser at a foreclosure of a trust deed, who took possession under a certificate of purchase, without, however, having issued to him a court deed of the premises, to which he was entitled upon surrender of the certificate, did not hold adversely to the mortgagor, so as to set in operation the limitation statute based on adverse possession.  The court said, in order to obtain the benefit of the statute, it was essential that the purchaser prove a paper title which, on its face, purported to convey title."  It follows that the possession taken by Central Investment Company, not being taken under a sheriff's deed and being taken with the consent of West, did not purport to be adverse and could not become adverse until by taking out the sheriff's deed, or by some other act, notice was given to the respondent that the possessor claimed its possession adverse to her, and therefore, under the facts herein, no statute of limitations against respondent's right to redeem was ever put into motion, at least prior to the taking out of such sheriff's deed.  The sheriff's deed was not taken out until about three years before this action was brought.  The taking of the deed from Bealz, even if notice of the taking of same had been brought home to respondent, would not have rendered the later possession adverse, because, even if, under the facts of this case, such deed would constitute color of title, yet, as stated in the note to Power v. Kitching, 88 Am. St. Rep. 716: "If a person takes color of title from one whom he knows has no right to make it, he cannot use it as a basis for adverse possession: Lajoye v. Primm, 3 Mo. 529.  See, too, Saunders v. Silvey, 55 Tex. 46."  The taking of the deed from Bealz, even if it were "color of title" sufficient upon which to predicate adverse possession, could not render the Central Investment Company a fictional "mortgagee in possession", because the possession necessary for the basis of such fiction is a pos-

session based upon a "color of title" resting upon a foreclosure of the mortgage. The only possible effect of such a deed would be to transfer to the Central Investment Company any interest in the sheriff's certificate not previously transferred to it by Bealz— it could not constitute notice of any interest adverse to the mortgagor or his successor in interest.

[17] Appellant contends that respondent should be adjudged estopped from making any claims to the property owing to her laches. For all the reasons hereinbefore stated, the respondent could not be charged with laches prior to the taking out of the sheriff's deed—the Central Investment Company was the sole party guilty of laches until then. Since the taking out of such deed and knowledge of her rights, respondent has clearly been free from laches.

In view of the above holdings, it becomes unnecessary to consider other questions discussed in the very able briefs of counsel.

The decree of the trial court grants possession to respondent without requiring, as a condition precedent, that she satisfy the money judgment rendered in favor of appellant, Central Investment Company. This should be changed so that the respondent be given a certain time within which to pay such judgment; that possession be given her upon satisfaction of such judgment; and that, in case of failure to satisfy the judgment within the time prescribed, title be quieted in the Central Investment Company With the decree so modified, it and the order denying a new trial are affirmed with costs to respondent.