YANKTON BUILDING & LOAN ASSOCIATION v. DOWLING, *et al.*

A grantee in a deed absolute, intended as a mortgage, is not within the exception of Comp. Laws, § 4358, providing that "a mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage."

(Opinion filed March 7, 1898.)

Appeal from circuit court, Yankton county; Hon. E. G. SMITH, Judge.

Forcible entry and detainer. Plaintiff had judgment and defendant Dowling appeals. Reversed.

The facts are stated in the opinion.

*Gamble & Dillon*, for appellant.

The contract and deeds were given as mere security and were therefore nothing more nor less than a mortgage; the legal title did not pass and the plaintiff had a mere lien, without right of possession. Smith v. Smith, 80 Calif. 323; Taylor v. McLain, 64 Id. 514; Healey v. O'Brien, 66 Id. 519; Booth v. Haskins, 70 Id. 271; Malloy v. Malloy, 52 N. W. 1097; McKenna v. Whittaker, 9 S. D. 442, 69 N. W. 587; Pioneer Svgs. & L. Co. v. Powers, 50 N. W. (Minn,) 227; Boyle v. Boyle, 121 Mass. 85; Necklace v. West, 33 Ark. 682; Walker v. Thayer, 113 Mass. 36; 1 Jones on Mortg. (4th Ed.) § 720.

*French & Orvis*, for respondent.

"A party cannot predicate error upon the granting of an order by the court below when such order was made upon his own application." Bailey v. Scott, 1 S. D. 337. "A party cannot try a case on one theory in the trial court and upon another on appeal." Aultman & Taylor Co. v. Gunderson, 6 S. D. 226. See also §§ 4699 and 4702, Comp. Laws; Murry v. Burris, 6 Dak. 170.

HANEY, J.   This action of forcible detainer was commenced in justice's court, and certified to the circuit court, wherein plaintiff recovered judgment for possession. Defendant Dowling appealed.

From the findings of the trial court it appears that defendant Bordeno owned certain realty, which he had contracted to convey to defendant Dowling upon payment of an agreed price. For the purpose of complying with this contract, Dowling applied to plaintiff for a loan, and proposed that it should pur-

chase the realty of Bordeno for $4,000, and enter into a contract with Dowling to convey the same to him upon compliance with the conditions of such contract. This proposition was accepted. Plaintiff paid Bordeno $4,000. He conveyed the property by warranty deed to plaintiff. Dowling subscribed for certain shares of stock of the plaintiff association, and entered into a written contract with plaintiff wherein it was agreed that plaintiff should convey the realty to Dowling upon payment by him of all installments, penalties, and fines that should become due upon the shares of stock for which he had subscribed, until the full maturity of such stock, and the further payment of interest on $4,500, at 7 per centum per annum, payable monthly. Under this contract Dowling took actual possession of the property, and commenced the erection of a two-story building thereon. During the progress of its erection certain debts were incurred for which liens were filed, which plaintiff agreed to and did pay, amounting to $500; and Dowling and plaintiff entered into a new contract, substantially the same as the first, except the shares of stock subscribed for are 50 in place of 45, and the sum upon which interest shall be paid is $5,000 in place of $4,500. The second contract contains the following: "It is further agreed that the said M. P. Dowling may take possession and occupy said premises from the date of this contract, and may improve the same by repairing buildings now thereon, may erect such buildings thereon as he may elect, all of which shall be deemed a part of said realty and may continue to occupy, and possess the same as long as he shall promptly pay all said installments of principal, and penalties and fines, which may become due upon said shares of stock, according to the by-laws of said association, and interest on said sum of five thousand dollars, to the party of the first part; and, upon such payment, the withdrawal value of said shares of stock at the time thereof may, at the option of the second party, be credited to the party of the second part, as a part of the said five thousand dollars, and, in such case, said shares of stock shall there-

upon be cancelled; and upon such payment the party of the first part shall convey to said party of the second part, by good and sufficient deed, the real estate above described.    *   *   * It is further agreed that time shall be the essence of this contract, and, in case of the failure of the party of the second part in the performance of all or either of the covenants and promises on his part to be performed, said party of the first part shall have the right to declare this contract void, without notice to the party of the second part, and thereupon to resell the above described land, together with all buildings and improvements now or that may hereafter be placed thereon, to any other purchaser; to hold and retain the money paid on the contract by the party of the second part as liquidated damages, and said party of the first part to take immediate possession of the premises; to regard the person or persons in possession, on such termination of contract, as tenant or tenants, holding over without permission." Dowling having failed to make payments as required by the contract and by-laws of the association, the plaintiff's directors adopted a resolution declaring a forefeiture, directed notice to quit to be served, which was done, and after three days this action was commenced. The court further finds "that the deed from Bordeno to the Yankton Building & Loan Association, and the contracts entered into between said Dowling and the Yankton Building & Loan Association, referred to in these findings of fact, were given as security for the money paid by the Yankton Building & Loan Association to said Bordeno as consideration for said deed, for the five hundred dollars paid by said Building & Loan Association in payment of liens against said property, and for the faithful performance by said Dowling of the covenants and promises on his part to be performed, contained in said contracts"; and concludes, as matter of law, that the deed from Bordeno to plaintiff and the second contract were executed as security for the performance of all covenants and promises contained in such contract to be performed by said Dowling; that the deed

and contract are in law a mortgage; and that plaintiff is entitled to possession of the premises.

Defendant complains of nothing except the conclusion of the court that plaintiff is entitled to possession. In this state, "a mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage." Comp. Laws, § 4358. The clause, "unless authorized by the express terms of the mortgage," is not found in the original report of the New York code commissioners. It was undoubtedly inserted by the legislature of California, and thence became incorporated into our Civil Code. It is not consistent with the theory, recognized in all other parts of our judicial system, that a mortgage merely creates a lien upon the hypothecated property, and should not be given a doubtful or forced construction, for the purpose of permitting mortgagees to obtain possession prior to forclosure and sale of the mortgaged property. Such is the effect, if not the reasoning, of decisions in California, where the statute is the same as here. It is the settled rule in that state that, where a deed absolute in form is made merely to secure the payment of money to the grantee, it is a mortgage, and does not give the right of possession. Raynor v. Drew, 72 Cal. 307, 13 Pac. 866; Smith v. Smith, 80 Cal. 323, 21 Pac. 4, and 22 Pac. 186, 549; Locke v. Moulton, 96 Cal. 21, 30 Pac. 957; Mahoney v. Bostwick (Cal.) 30 Pac. 1020. In this class of cases the deed, although absolute in form, does not convey title, or give possession, for the reason that it does not express the true intent of the parties and the law permits such intent to be shown. Such a deed cannot be regarded for the purpose of giving the grantee possession, and at the same time be considered a mortgage for the purpose of allowing the grantor to redeem. If it is not precisely what it purports to be, its form ceases to be material, and the intent of the parties merely creates a lien which does not carry the right of possession. Whether the written contract, specifying the amount of, and manner in which, the loan shall be repaid,

should be considered in this connection, is extremely doubtful, but, if it should be, the same result is reached. Such contract does not recognize the plaintiff as a mortgagee. According to its express terms, plaintiff is the owner and defendant a purchaser of the property. It does not contemplate the relation of mortgagor and mortgagee in any sense whatever, and cannot be construed as authorizing the plaintiff to take possession in any other capacity than that of owner. Like the deed, the language of the contract, whatever may be its form, yields to the ascertained intent of the parties, and the law recognizes nothing more than the existence of a lien. Therefore our construction of the statute is this: If a mortgagee can ever be entitled to possession before purchase and sale,—and we do not decide that he can,—the authority for such possession must be expressly given in an instrument which is in fact and in form a mortgage. The judgment is reversed, and a new trial is ordered.