BICKERT, Appellant, v. CARGILL ELEVATOR COMPANY, KRAFT, Intervenor and Respondent.

(264 N. W. 817.)

(File No. 7875.  Opinion filed February 1, 1936.)

*Geo. H. Fletcher*, of Aberdeen, for Appellant.
*B. A. Walton*, of Aberdeen, for Respondent.

CAMPBELL, J.   In the year 1927, J. G. Kraft and Louisa A. Kraft were husband and wife.   Louisa A. Kraft at that time was admittedly the owner of a quarter section of land some twenty miles distant from Aberdeen in Brown county.   This land was subject to a $5,000 mortgage in favor of Northwestern Mutual Life Insurance Company.   Legal title to the realty stood in the name of Kathern Kraft, mother of J. G. Kraft.   Whether this legal title had been transferred to Kathern Kraft by way of security for a debt or as a matter of convenience and for the purpose of evading a judgment held by the state superintendent of banks against J. G. and Louisa A. Kraft is perhaps not entirely clear from the record, and in any event is immaterial.   Nora H. Bickert was a widow residing in Aberdeen, who had been for some years an acquaintance and friend of the Krafts.   She was the owner of some land in North Dakota, and it was mutually agreed between the parties that the Krafts should move to North Dakota and should go onto the land of Mrs. Bickert and farm and operate the same.   That this project might be accomplished, Mrs. Bickert agreed to, and did, advance and loan to J. G. Kraft, for the purpose of purchasing equipment and machinery, the sum of $1,650.   As security for the repayment of this sum and such further advances as Mrs. Bickert might thereafter make to J. G. Kraft, Louisa A. Kraft,

his wife, and the owner of the Brown county land hereinbefore referred to, caused and procured Kathern Kraft ( the holder of the legal record title thereto) to deed the Brown county land to Mrs. Bickert. It is conceded by all parties that this deed was for security only and the circumstances are such that, as between Louisa A. Kraft, the owner of the Brown county realty, and Mrs. Bickert, the deed must be regarded as neither more nor less than a mortgage. After these transactions (which took place in the summer and fall of 1927) Mrs. Bickert continued to reside in Aberdeen, and Louisa A. Kraft and her husband, J. G. Kraft, took up their residence upon the North Dakota farm of Mrs. Bickert. From 1928 to 1932 the Brown county land was farmed and operated by one C. C. Kraft, a brother of J. G. Kraft. In 1928 the Northwestern Mutual Life Insurance Company was threatening to foreclose its first mortgage upon the Brown county land and to avoid that foreclosure Mrs. Bickert, in behalf of the Krafts, paid to said mortgagee the sum of approximately $460. The landlord's share of the crops upon the Brown county land for the years 1928 to 1931, inclusive, or practically all thereof, were paid over to the mortgagee Life Insurance Company. In 1931, the life insurance company foreclosed its mortgage, sale being had in December, 1931. For the farming season of 1932 Louisa A. Kraft executed a written lease purporting to lease the Brown county land to C. C. Kraft, and so also did Nora H. Bickert. The terms of the two leases were substantially identical as to the share of crop to be received by the landlord. In the fall of 1932 C. C. Kraft delivered the landlord's share of the 1932 crop to the Cargill Elevator Company. Nora H. Bickert sued the elevator company, claiming that she was entitled to the proceeds of the landlord's share of the 1932 crop on the Brown county land. Louisa A. Kraft intervened, claiming that she was entitled thereto. The value of the grain was not in dispute, and by consent of the court and all parties the elevator company deposited the proceeds thereof with the clerk of the court to abide the determination of the controversy between Mrs. Bickert and Mrs. Kraft. The issues were tried to the court without a jury and findings, conclusions, and judgment were in favor of Louisa A. Kraft, the intervener, from which judgment and from a denial of her application for a new trial plaintiff, Nora H. Bickert, has appealed.

Appellant appears to have instituted this action upon the theory that she was the fee owner of the Brown county land. She concedes by her own testimony, however, that the transfer to her was by way of security only, and it is clear, therefore, that, as between herself and Louisa A. Kraft, Mrs. Bickert must be deemed a mortgagee. Section 1549, R. C. 1919. This point appellant appears now to concede and urges that she was entitled to recover because in 1932 she was a mortgagee in possession of the Brown county real estate. For the purposes of this opinion, we will assume in appellant's favor a point seriously questioned by respondent, namely, that appellant's pleadings are sufficient to permit recovery upon this theory.

■■ It is, of course, the established law of this state that a mortgage does not entitle the mortgagee to possession prior to foreclosure and expiration of period of redemption "unless authorized by the express terms of the mortgage." Section 1558, R. C. 1919. It is further the law that the fact that the mortgage is in form a warranty deed is not sufficient to constitute the express authority for possession by the mortgagee contemplated by the statute. Yankton Bldg. & Loan Ass'n v. Dowling (1898) 10 S. D. 535, 74 N. W. 436. It is therefore apparent that appellant, upon the record in this case, was not entitled to possession of the realty by virtue of the execution and delivery of the deed to her. It is likewise the law of this state, however, that "after the execution of the mortgage, the mortgagor may agree to such change of possession without a new consideration." Section 1558, R. C. 1919. And the consent of the mortgagor to entry and possession by the mortgagee may be either express or implied. West v. Middlesex Banking Co. (1914) 33 S. D. 465, 146 N. W. 598.

■ It is plain that to justify recovery for appellant in this case upon the theory of "mortgagee in possession" appellant must establish, first, that she was in fact in possession of the realty during the farming season of 1932; and, second, that such possession was with the knowledge and consent, express or implied, of Louisa A. Kraft, given, as the statute provides, "after the execution of the mortgage." Appellant does not claim that she was physically in possession of the realty during the farming season of 1932. Concededly, the actual occupant of the premises during

the season of 1932 was the tenant C. C. Kraft. Appellant must therefore establish that C. C. Kraft was her tenant; that his possession was in contemplation of law her possession, and that respondent Louisa A. Kraft knew of that situation and expressly or impliedly consented thereto. As is usual in these cases, there is some conflict in the story of the respective parties as to what was said and done at various times. Oral agreements, if any, in relation to change of possession had prior to or contemporaneously with the execution of the transfer by Louisa A. Kraft to appellant are not, of course, material. Section 860, R. C. 1919; section 1558, R. C. 1919. The learned trial judge found that respondent did not surrender or agree to surrender possession of the realty to appellant at any time, and that respondent never agreed or consented that the possession of C. C. Kraft in 1932 was or should be deemed the possession of appellant. Appellant challenges the sufficiency of the evidence to support the findings. Respondent maintains that C. C. Kraft was her tenant by virtue of a verbal lease during the years 1928 to 1931, the landlord's share of the crop being turned over to the insurance company, mortgagee, with her knowledge and consent. It appears that during most, if not all, of the years 1928 to 1931 appellant executed a written lease of the premises to the tenant C. C. Kraft and at the same time executed a written assignment thereof to the mortgagee Insurance Company. The evidence indicates that this was done upon the demand of the general agent for the insurance company and for the protection of the insurance company in receiving the rentals when he learned that appellant held a deed to the premises. Respondent testified that she never had any knowledge of the existence of these written leases or assignments by appellant until she first learned thereof at the trial of the case. A written lease of the premises for 1932 was entered into between appellant and C. C. Kraft in February of that year. In March of 1932 respondent leased the premises for the farming season of 1932 to C. C. Kraft, and the court finds that respondent did not authorize or consent to the lease between appellant and Kraft for the season of 1932, and that as soon as she learned thereof she protested against it and Kraft accepted a lease from her. To undertake to set forth the testimony in further detail would not be helpful. We do not think that we can say that the evidence preponderates against the findings of the trial court.

■ Appellant has set forth in her brief a letter written by the learned trial judge to counsel who tried the cause advising them of the conclusions at which he had arrived and stating that findings and judgment might be prepared by counsel accordingly. Appellant maintains that this letter indicates that the trial judge, in arriving at his decision, omitted certain testimony from consideration because he was of the opinion (erroneously as appellant contends) that the statute of frauds precluded him from considering it. This letter, of course, is no proper part of the record in this case. Western Bldg. Co. v. J. C. Penney Co. (1932) 60 S. D. 630, 245 N. W. 909. In any event, considering all the evidence, including such as the trial court may have omitted from consideration if any, we think the evidence sustains the findings, and we believe that appellant has failed to establish by any clear preponderance of the evidence as against respondent that she (appellant) was in fact in possession of the premises during the farming season of 1932, or that respondent "after the execution of the mortgage" expressly or impliedly consented that she should be.

It follows that the judgment and order appealed from must be, and they are, affirmed.

All the Judges concur.