GRAVES et al., Appellants v.
WHEATON et al., Respondents

(116 N.W.2d 801)

(File No. 9991. Opinion filed September 13, 1962)

**Graves & Lehnert,** Rapid City, for Plaintiffs and Appellants.

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for Defendants and Respondents.

RENTTO, P.J. This action was instituted to foreclose a real estate contract but the court changed its nature by concluding that the transactions out of which the litigation arose constituted a mortgage, as contended by the answering defendants, and ordered a sale of the premises involved. Plaintiffs, whose status under this determination is that of mortgagees, appeal from only that part of the judgment which gives to the owners of the premises, the successors in interest of the mortgagors, the right to possess them during the period of redemption.

The Graves on June 7, 1957, loaned Hal D. Wheaton $6,000. He gave them his promissory note of that date for $4,000 and another dated August 9, 1957 for $2,000. He also executed a warranty deed conveying to them the real

property involved in this action. This was recorded. As a part of the same transaction the plaintiffs entered into a contract for deed with Wheaton and his wife wherein they agreed to convey the same property to the Wheatons upon payment of $6,000 with interest on or before June 7, 1959 and taxes. This was not recorded.

On December 1, 1958, Wheaton was declared bankrupt. The contract for deed was listed in his schedule of assets. By purchase at the bankruptcy sale Mike Tarpinian, Jacquelyn Tarpinian, Palmer Evenson, as Executor of the Estate of Halvor Evenson, Deceased, and Palmer Evenson, as Executor of the Estate of Julia Evenson, Deceased, the answering defendants, acquired the right, title and interest of Wheaton in the premises.

In the contract for deed the parties agreed that if the Wheatons failed to perform any of the obligations therein assumed by them that a 30-day notice of such breach would reinvest the sellers with title to the property and give them the right to re-enter and take possession of the premises. The court found that on July 13, 1959, the defendants were notified that if they did not, within 30 days, make the payments which were then in default, that the plaintiffs would terminate the contract. Which of the defendants were so notified is not clear from the record, but in our view this is immaterial. Obviously the defaults were not remedied.

■ ■ It is the established law of this state that a mortgage does not entitle the mortgagee to possession of the property prior to foreclosure and expiration of the period of redemption "unless authorized by the express terms of the mortgage;". SDC 39.0209. Knudson v. Powers, 56 S.D. 613, 230 N.W. 282; Bickert V. Cargill Elev. Co., 64 S.D. 112, 264 N.W. 817. While not here involved it is proper to note that in some mortgages this provision is made unenforcible as being against public policy. SDC 1960 Supp. 39.0303. SDC 39.0209 also provides that "after the execution of the mortgage the mortgagor may agree to such

change of possession without a new consideration." The consent of the mortgagor to this change of possession may be either express or implied. West v. Middlesex Banking Co., 33 S.D. 465, 146 N.W. 598. Plaintiffs' contentions involve both aspects of the statute.

■ Their principal argument is that the right given them in the contract to re-enter and take possession of the premises is sufficient to constitute the express authority for possession by the mortgagee contemplated by the statute. We do not agree.

This court in Yankton Building & Loan Ass'n v. Dowling, 10 S.D. 535, 74 N.W. 436, after holding that the fact that the mortgage is in the form of a warranty deed is not sufficient to constitute such authority, treated our question as follows:

> "Such contract does not recognize the plaintiff as a mortgagee. According to its express terms, plaintiff is the owner and defendant a purchaser of the property. It does not contemplate the relation of mortgagor and mortgagee in any sense whatever, and cannot be construed as authorizing the plaintiff to take possession in any other capacity than that of owner. Like the deed, the language of the contract, whatever may be its form, yields to the ascertained intent of the parties, and the law recognizes nothing more than the existence of a lien. Therefore our construction of the statute is this: If a mortgagee can ever be entitled to possession before purchase and sale,—and we do not decide that he can,—the authority for such possession must be expressly given in an instrument which is in fact and in form a mortgage."

This reasoning seems to us sound. Accordingly we hold that plaintiffs' first contention is without merit.

■ The evidence indicates that plaintiffs collected the rent from the lessees of the premises for the months of

July and August, 1959. This was with the consent of Mr. Wheaton given in June, 1959. It is suggested that those acts evidence a consent by the mortgagor to a change of possession. The weakness in such view, tacitly conceded by plaintiffs, is that the bankruptcy court was then in possession and control of Wheaton's interest in the premises.

Affirmed.

All the Judges concur.