HEIDELBERG *v.* DUCKWORTH, et al.

In Banc. April 25, 1949.

(40 So. (2d) 179)

Louis V. Smith, and Mathew Harper, Jr., for appellant.

392

**L. K. Saul,** for appellees.

**McGehee, C. J.**

There is presented here for consideration the unique, if not unprecedented, claim on behalf of a purchaser of land at a void tax sale that he has acquired title thereto by adverse possession through the continued occupancy of the person who owned the land at the time of such sale, and against whom title by adverse possession is claimed. In other words, it is contended that notwithstanding the fact that the purchaser at the tax sale obtained no title to the land by such purchase, or by means of any conveyance from the owner or any other person, the true owner

became the tenant of the tax title purchaser when he again entered into possession of the premises during the period allowed for redemption, under the facts and circumstances hereinafter stated; and that as a tenant of the purchaser at the void tax sale he held his own land adversely to himself. But that is not all. The alleged landlord was holding a deed of trust on the land from the owner at the time of the tax sale, and he had entered into possession thereunder, without foreclosure, a few months prior to the tax sale. We fancy that there will always be novel factual situations to arise for the decision, and that unusual legal problems will ever be presented for solution.

The facts are that during the year 1920 George Heidelberg, the reputed father of the appellant, Wallace Heidelberg, became the owner of a 4-acre tract of land described as lot 4 of Block 6 of the Home Improvement Company addition to the City of Ellisville, situated in the NE¼ of the SE¼ of Section 9, Township 7 North, Range 12 West, in Jones County. He later built a dwelling house on the said lot and occupied the same, with the mother of the appellant, as a place of residence until 1929, but was absent therefrom during the year 1930. He returned to his home and made a crop during 1931, on the nearby land of the appellee Lionel Collins, and also cultivated a portion of the said 4-acre tract where he was residing. He had farmed in like manner before the year 1930 and continued to do so after his return in 1931, and up until shortly prior to his death on October 25, 1945.

When George Heidelberg left home to be away during the year 1930, he had become indebted to the appellee Collins, who testified, "Before he left he was indebted to me $75.00 and he came to me and said I want to go away. He said, I have got some corn here, don't take my corn and I will give you a deed of trust on this place and also possession, and I took the deed of trust and took possession of the place and moved a family in and they were there when he came back." Collins further testified that,

"when he came back I told him what had happened, it had sold for its taxes and I had bought it in. He said, well, that is all right, go ahead, I want to rent the place. He said, I can't buy it now but I just want to go back and live with you until sometime we can straighten up." Appellee Collins further stated that thereafter George "would come to me occasionally and ask me if I were keeping the taxes paid up".

The land sold for taxes on the 7th day of April, 1930, under an assessment and sale describing it as 4 acres in the NE¼ of SE¼ of the section, township, and range hereinbefore mentioned, but without it being specified, or otherwise shown by proof at the trial, as to where the said 4-acre tract was located in the 40-acre governmental subdivision. It is therefore conceded by the appellees, Lionel Collins and Mrs. Margaret Woodham Duckworth, that the tax sale was utterly void.

On May 4, 1944, George Heidelberg, who had resumed his occupancy of the land as aforesaid in 1931, and who had continued to occupy the same in the meantime, sold and conveyed the said 4 acres to his illegitimate son, Wallace Heidelberg, the appellant. However, after the death of George Heidelberg in 1945, the appellee Collins put up a "no trespassing sign" at the residence, which constituted the first notice to Wallace Heidelberg or to his mother, Edith Heidelberg, so far as the record discloses, that Collins was claiming to be the owner of the tract of land by adverse possession, relying upon his tax deed of April 7, 1930, as constituting a color of title thereto. Moreover, there is no proof in the record that any one else in the community other than the appellee Lionel Collins and his son, Robert Collins, knew of such claim of ownership by adverse possession, for the reason that George Heidelberg, who owned the land at the time of the tax sale, had resumed his occupancy prior to the expiration of the period for redemption and continued to live there.

Upon learning of the claim of Lionel Collins, after the death of George Heidelberg, the appellant Wallace Heidelberg, then a minor, together with his mother, Edith Heidelberg, executed a note and deed of trust in favor of said Collins in the sum of $100, payable in $10 installments, and which amount is shown by the testimony, including that of the appellee Collins, to be an indebtedness which was owing to the said appellee by George Heidelberg at the time of the latter's death, and which then amounted to $150. In that connection, appellee Collins was asked,

"Q. You said that George owed you $75.00? A. Yes, when (in 1929) he went to Lux.

"Q. And you said that this $100.00 really should have been $150.00? A. Yes.

"Q. Well, why did you— A. (Interposing.) Well, the fact that I knew I would never get it, I just forgot the $50.00."

However, he further testified that at the time he took this deed of trust he executed and delivered a deed to the appellant, Wallace Heidelberg, for the 4-acre tract of land, although the grantee therein had already been given a deed by his father, George Heidelberg, the record owner of the land, more than a year prior thereto. The appellant Wallace Heidelberg denied having received any deed from appellee Collins, and Robert Collins also testified that his father did not execute a deed to Wallace.

The deed of trust which was executed under these circumstances by Wallace Heidelberg and his mother was later foreclosed, and the property was purchased by appellee Collins for the sum of $50, who shortly thereafter sold and conveyed the same to the appellee Mrs. Margaret Duckworth for the sum of $350. It is admitted that the deed of trust and the foreclosure thereof were invalid for the reason that Wallace Heidelberg was a minor at the time of the execution of the same.

It appears that from 1931 to 1945 George Heidelberg worked as a wage-earner during some years on the farm

of the appellee Collins, and during other years as a share-cropper, but it is not shown what rent, if any, he paid on the 4-acre tract when he was working as a wage-earner for Collins, nor is it shown with what continuity he paid any rent thereon as a share-cropper. The burden was upon the defendants, under their cross bill, which set up this affirmative defense, to prove continuous adverse possession for a period required by law, even if it should be conceded that the defendant Collins was entitled to rely upon adverse possession, as purchaser at a void tax sale, where such subsequent possession conisted of the occupancy of the premises through the person who owned the land at the time of the purported sale.

Moreover, according to his own testimony, the appellee Collins took possession of this tract of land originally under a deed of trust and held the same thereafter as a mortgagee in possession for an indefinite period of time, without the deed of trust being foreclosed so far as the record discloses, and at a time when George Heidelberg was making inquiries from time to time as to whether Collins was keeping the taxes paid, evidently on the theory that George would have the right to ''sometime . . . straighten up'' with him.

It may be true that from a moral standpoint the appellant is not entitled to the land for the reason that after he received a conveyance thereto from his reputed father, George Heidelberg, he and his mother removed from the premises and left the care and support of George during his last illness of more than a year to the appellee Collins, who is not shown by the record now before us to have been fully reimbursed for the taxes he had paid on the land by the revenues therefrom.

However, we do not think that under the facts and circumstances shown herein the defendants sustained their defense of open, notorious, hostile and uninterruptedly continued adverse possession against the complainant for the period prescribed by law. On the other hand, we are of the opinion that the decree should have

been for the complainant, Wallace Heidelberg, cancelling as a cloud upon his title the claim of the defendants to the land involved.

Our two year Statute of Limitations, Section 717, Code of 1942, conferring title by adverse possession, following a tax sale, by its express terms applies only to lands which have been sold to the State. Our three years' actual occupation statute under a tax title, Section 716, bars a suit as to land "held under a conveyance" thereof from a tax collector in pursuance of a sale for taxes. In the instant case, Collins as the alleged purchaser at the tax sale did not hold this land under a conveyance since his tax deed did not describe the land here involved, ██ and it appears to have been held in the case of Patterson v. Morgan, 161 Miss. 807, 138 So. 362, that this statute relating to three years' occupancy is inapplicable, where the assessment and tax deed were nullities because of insufficient description, that is to say, it would seem to be necessary that the three years' occupancy as a tax title purchaser must be under a conveyance describing the land in order for such occupancy to confer a title under a void tax sale. And, since the appellee Collins entered into possession of this tract of land when he took a deed of trust thereon from George Heidelberg, at the time he moved away during the latter part of the year 1929, for the indebtedness then due him, he began to hold said property as security and to use the same as a mortgagee in possession. Hence, if our ten years' adverse possession statute, Section 711, Code of 1942, ever began to run, we are unable to determine from this record when such period of limitation commenced or what period of time it continued, there being no testimony to show how many years the record owner farmed for the appellee Collins for wages or to show that he paid any rent on this tract of land during such years.

██ Such a possession of the mortgagee is not considered hostile to the interest of the mortgagor during the continuance of the relationship of mortgagor and

mortgagee. 1 Am. Jur. 813, Sec. 38; Becker v. McCrea, 193 N. Y. 423, 86 N. E. 463, Annotation 23 L.R.A.,N.S., 754.

Moreover, we are of the opinion that when George Heidelberg was making inquiries from time to time of the appellee Collins as to whether he was keeping the taxes paid, it became the duty of the latter to inform the former, in view of the agreement under which the possession was originally taken, that he was claiming the land as his own, since he would necessarily have known that George Heidelberg was relying upon the original understanding that he would have the right to sometime "straighten up" with him.

Therefore, we are rendering a decree here for the appellant Wallace Heidelberg, cancelling as a cloud upon his title the claim of the defendants to the land, and we remand the cause only for the ascertainment by the trial court of the amount expended by the defendants, respectively, for the payment of the taxes, less whatever amount may have been received as revenue from the land in reimbursement therefor, in order that the difference may be fixed as a charge upon the land under the defendant's prayer for general relief in their cross bill, since the complainant is required to do equity in order to obtain the relief sought.

Reversed and decree here for the appellant in part, and remanded.