Ford, et al. *v.* Rhymes, et al.

No. 40838          June 9, 1958          103 So. 2d 363

*Henry Mounger, Ernest R. Duff,* Columbia, for appellants.

*J. Kenneth Riley,* Monticello, for the appellees.

ETHRIDGE, J.

Mrs. Ann Arrington Ford and the other appellants brought this action in the Chancery Court of Lawrence County against Mrs. Blanche Noah Rhymes and three other appellees, to remove clouds asserted by the latter to part of appellants' land. The bill charged that the

defendants owned land immediately east of the complainants' property, and had constructed and maintained a fence to the west of the defendants' land and over and across the east portion of complainants' tract.

Defendants' answer averred that the lands of the parties are separated by a fence running north and south, and defendants have been in adverse possession of the land lying east of the fence for more than ten years. They pleaded affirmatively an adverse possessory title to an apparently small but unidenified area on the east side of appellants' land. At the trial it was stipulated that complainants own a good record title to their property, as described by governmental subdivision: E½ of SE¼ of Section 18, and E½ of NE¼ of Section 19, Township 7 North, Range 11 East, of Washington Meridian, Lawrence County, Mississippi.

The final decree of the chancery court adjudicated that the fence running north and south on the east side of complainants' land marked an area to which defendants have obtained title by adverse possession, but that complainants were entitled to cancel any claims of defendants to their lands west of the fence. Of course the latter was not an issue, since defendants did not claim west of the fence.

■■ ■ No purpose will be served by summarizing the evidence for defendants on their affirmative plea of adverse possession. Defendants wholly failed to sustain it. Appellees admitted that appellants owned the record title to the two 80-acre tracts as described by governmental subdivision. The burden of proof was then on them to establish that they had obtained title to some of the east part by adverse possession. This they did not do. Their evidence is entirely insufficient to support a finding that they have adversely possessed the property in dispute. In addition, it does not locate the fence with reference to applleants' land, including either its length or the extent of the encroachment. ■■ ■ Moreover,

none of the appellees testified, and no evidence was offered to show that appellees occupied the land under any claim of right or ownership. Miss. Code 1942, Sec. 711; Mason v. Gaddis Farms, Inc., 93 So. 2d 629, 633 (Miss. 1957).

■■ The burden of proof to establish title by adverse possession is upon the claimants of such title. They must show that the possession was adverse under a claim of right or ownership. No evidence more than a scintilla even indicated those factors. Ball v. Martin, 217 Miss. 221, 63 So. 2d 833 (1953). Where a claimant asserting an adverse possessory title does not offer sufficient evidence to support that affirmative plea, and where he admits that otherwise complainants are owners of the record title, judgment should be rendered for the latter. 2 C. J. S., Adverse Possession, Sec. 228, pp. 858-859; Heidelberg v. Duckworth, 206 Miss. 388, 40 So. 2d 179 (1949). Hence the decree of the chancery court is reversed, and judgment is rendered here awarding to appellants the relief prayed for, cancelling the claims of appellees to appellants' land as described by governmental subdivision.

Reversed and judgment rendered for appellants.

All Justices concur, except *Arrington, J.,* who took no part.